655 So.2d 231 (1995)
Luther Delmer MUSIC, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3507.
District Court of Appeal of Florida, First District.
June 6, 1995.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Mark Menser, Asst. Atty. Gen., Tallahassee, for appellee.
WEBSTER, Judge.
In this direct criminal appeal, appellant seeks review of an order which, over his objection, added a special condition to the terms of probation contained in two judgments and sentences entered some five years earlier. Because we conclude that the trial court lacked jurisdiction to add the special condition, we are constrained to reverse.
In 1989, appellant was charged with five counts of sexual battery on a child. In due *232 course, he entered into a plea bargain by which he agreed to plead guilty to two of the counts, and the state agreed to dismiss the remaining three. He was to be adjudged guilty and sentenced to 20 years in prison on each count, the two sentences to run concurrently. However, after he had served ten years, the remainders of the sentences were to be suspended, and he was to be placed on probation for ten years on each count, the probationary terms also to run concurrently. Among the special conditions of probation to which appellant agreed was one which prohibited any contact with either of the minor victims without the consent of his probation officer, and another which prohibited all unsupervised contact with any other minor. After ensuring that his acceptance of the bargain was free and intelligent, the trial court adjudged appellant guilty of the two counts of sexual battery and imposed sentence. Appellant was told that, as a special condition of the probationary portion of his sentences, he was not to have any contact with either of the minor victims without the consent of his probation officer. However, the trial court did not tell appellant that, in addition, he was to have no unsupervised contact with any other minor. The written judgments and sentences, likewise, omitted any reference to the latter special condition of probation.
Some five years after the written judgments and sentences had been entered (and after appellant had served the incarcerative portion of his sentences and begun the probationary portion), the state filed a "motion to correct sentence," "pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure," seeking to add as a special condition of probation the prohibition against unsupervised contact with other minors to which appellant had agreed as a part of the plea bargain. Concluding that appellant should not be permitted to object to the addition of a condition to which he had previously agreed, the trial court granted the motion, and "corrected" the portion of the prior orders placing appellant on probation by adding the special condition that appellant have no unsupervised contact with other minors.
We conclude that the outcome of this appeal is dictated by our decision in McLemore v. State, 638 So.2d 610 (Fla. 1st DCA 1994). There, the defendant had entered into a plea bargain by which it was agreed that she would be placed on probation for a specified period, subject to the special condition (among others) that she make restitution. While the trial court accepted the plea bargain, it failed to include in either its oral pronouncement of sentence or its written order the condition that the defendant pay restitution. More than 60 days after the written order had been entered, the state sought to correct it by adding the condition that the defendant pay restitution. The trial court granted the state's motion, and the defendant appealed. We reversed, holding that the fact that the conditions imposed upon the defendant were not consistent with the terms of the plea bargain did not make the sentence "illegal," as that word is used in Florida Rule of Criminal Procedure 3.800(a). Rather, because there was nothing "illegal" about the sentence imposed, in the absence of an appeal from the sentence, any motion to modify or correct the sentence to include the special condition that the defendant pay restitution was required by Florida Rule of Criminal Procedure 3.800(b) to have been filed and acted upon within 60 days of the imposition of the sentence.
As in McLemore, so here, the fact that, notwithstanding the terms of the plea bargain, the sentences imposed upon appellant failed to include the special condition that appellant have no unsupervised contact with any other minor did not make the sentences "illegal" for purposes of rule 3.800(a). Therefore, absent an appeal from the sentences, any effort to correct them by adding that special condition was required by rule 3.800(b) to have been acted upon by the trial court within 60 days of their imposition. Because that did not occur, we are obliged to reverse, and to remand with directions that the trial court delete the special condition prohibiting unsupervised contact with other minors.
REVERSED and REMANDED, with directions.
MICKLE and LAWRENCE, JJ., concur.