798 So.2d 789 (2001)
Kevin KIRIAZES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-3203.
District Court of Appeal of Florida, Fifth District.
October 12, 2001.
Rehearing Denied November 8, 2001.
*790 Michael J. Snure and Ian D. Midgley of Kirkconnell, Lindsey & Snure, P.A., Winter Park, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise O. Simpson, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
We are here confronted with an issue that appears to be one of first impression in Florida. That issue is whether a trial court may sua sponte impose standard conditions of probation on a defendant seventeen months after he was originally sentenced. We hold that it is impermissible to do so and, therefore, reverse the trial court's order which imposes the statutory conditions contained in section 948.03(5)(a) and (b), Florida Statutes, as conditions of the sentence of probation imposed on Kevin Kiriazes (Kiriazes).

Factual Background
Kiriazes was charged with one count of sexual battery and two counts of committing a lewd act upon a child. He entered into a plea agreement with the State *791 whereby he agreed to plead no contest to one count of lewd act upon a child in exchange for the State filing a nolle prosequi of the remaining counts. The plea agreement provided that the prosecutor would recommend 51 weeks in the county jail followed by four years of supervised probation with the condition that Kiriazes provide a blood sample for FDLE and not have unsupervised contact with minors under the age of eighteen years of age. There were no other conditions of probation that were made part of the plea agreement.
Kiriazes entered his plea on January 29, 1999, and was sentenced on March 22, 1999, pursuant to the plea agreement. The sentence entered by the trial court reflects the imposition of the 51 weeks of jail followed by four years of probation conditioned upon the special terms contained in the plea agreement. Although oral pronouncement of the probation conditions specified by section 948.03(5)[1] for sex offenders is not required, in the instant case the conditions were neither imposed orally at sentencing nor in the written order of probation. Kiriazes served the incarcerative portion of his sentence and was released on probation when, on August 17, 2000, the trial court sua sponte rendered an order imposing the sex offender conditions of probation mandated by section 948.03(5)(a) and (b). The trial court dated the order nunc pro tunc to March 22, 1999, and stated therein that those conditions were "inadvertently omitted from the original community control/probation Order in this matter" and that the order was "corrected" by adding those conditions.
Kiriazes filed a motion pursuant to rule 3.800(b), Florida Rules of Criminal Procedure, requesting the trial court to correct his sentence by reinstating the original sentence. The trial court summarily denied the motion and Kiriazes appeals. Of the several issues Kiriazes raises, we address the issue of whether the trial court was without jurisdiction to modify his sentence where the original sentence was not illegal and more than 60 days had elapsed since its imposition. Resolution of this issue renders moot the other issues not addressed.

The Failure To Include the Mandatory Conditions Of Probation Pursuant to Section 948.03(5) Did Not Render The Sentence Illegal Under Rule 3.800 Or Allow The Trial Court To Modify The Sentence Pursuant To Rule 3.800(c)
The legal significance of designating the conditions contained in section 948.03(5) as standard conditions that do not require oral pronouncement at sentencing is based on the rationale that enactment of the statute provides all persons with constructive notice of the conditions *792 contained therein. State v. Hart, 668 So.2d 589, 592 (Fla.1996). The court in Hart defined standard conditions, also referred to as general conditions, as those conditions that are statutorily mandated or authorized. Constructive notice together with the opportunity to be heard at sentencing regarding any objection that may be raised concerning such conditions satisfies procedural due process requirements. Id. Therefore, as the court stated in Hart, "a condition of probation which is statutorily authorized or mandated ... may be imposed and included in a written order of probation even if not orally pronounced at sentencing." 668 So.2d at 592 (citing Nank v. State, 646 So.2d 762, 763 (Fla. 2d DCA 1994)). However, if a standard condition of probation is not orally announced at sentencing and is not included in the written probation order, then it is not imposed. See Maddox v. State, 760 So.2d 89, 105 (Fla.2000) (stating that although standard conditions do not have to be orally announced at sentencing, "due process is satisfied as long as the conditions are included in the written sentencing order.") (citation omitted).
The State argues that failure to impose standard conditions renders the sentence illegal and correctable at any time. Florida Rule of Criminal Procedure 3.800(a) provides in pertinent part that "[a] court may at any time correct an illegal sentence imposed by it ..." and rule 3.800(c) provides in pertinent part that "[a] court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after such imposition...." Thus we must determine whether the sentence imposed on Kiriazes is illegal and thus properly corrected by the trial court, or whether it resulted in a legal sentence which the court did not have jurisdiction to correct seventeen months after the sentence was originally imposed on Kiriazes.
In Carter v. State, 786 So.2d 1173 (Fla.2001), the supreme court attempted to clarify its definition of "illegal sentence" for purposes of rule 3.800:
To be illegal within the meaning of rule 3.800(a) the sentence must impose a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances. On the other hand, if it is possible under all the sentencing statutesgiven a specific set of factsto impose a particular sentence, then the sentence will not be illegal within rule 3.800(a) even though the judge erred in imposing it.
Id. at 1178 (quoting Blakley v. State, 746 So.2d 1182, 1186-87 (Fla. 4th DCA 1999)) (emphasis omitted).[2] This definition is not easy to apply where, as here, the court failed to impose a standard condition of probation. Moreover, we have not been able to find any case that holds that a trial court's failure to impose at sentencing a standard condition of probation constitutes an illegal sentence pursuant to rule 3.800. However, analogous case law provides some guidance and from that we conclude that the original sentence was not illegal and thus not correctable at any time. Moreover, as a legal sentence, the trial court lost jurisdiction to modify it pursuant to rule 3.800(c) after the expiration of the sixty-day period.
We find analogous those cases where the trial court failed to impose payment of *793 restitution as a condition of probation. Imposition of restitution as a condition of probation is considered mandatory,[3] and the courts that have decided these cases generally agree that failure to include restitution as part of the sentence of probation makes the sentence incomplete. Bunch v. State, 745 So.2d 400, 402 (Fla. 5th DCA 1999) ("[T]he failure to impose restitution as part of a sentence results in an incomplete sentence that is subject to timely modification.") (citations omitted), rev. denied, 766 So.2d 220 (Fla.2000); see also State v. MacLeod, 600 So.2d 1096, 1098 n. 1 (Fla.1992) (approving of cases that characterize a sentence not imposing restitution as an incomplete sentence as opposed to an illegal sentence); Dailey v. State, 575 So.2d 237 (Fla. 2d DCA 1991). We conclude that the sentence in the instant case was incomplete as opposed to illegal under the definition in Carter.
Other analogous cases lend further support for our conclusion. For example, we find Robinson v. State, 757 So.2d 532 (Fla. 4th DCA), rev. denied, 789 So.2d 348 (Fla. 2000), to be similar to the instant case because the trial court failed to perform a sentencing act required by a statute. Robinson entered a plea of guilty to trafficking in cocaine in violation of section 893.135, which carries a mandatory minimum of 15 years' imprisonment and a $250,000 fine. At the state's request, the trial court sentenced Robinson to five years' probation and withheld adjudication of guilt. The state then filed a rule 3.800 motion to correct illegal sentence, pointing out that the trial court lacked jurisdiction to withhold adjudication under the drug trafficking statute. The trial court, agreeing with the state, adjudicated Robinson guilty and re-sentenced him to five years' probation. The appellate court vacated the new sentencing order "because the sentence imposed, which included the withholding of adjudication, although legally improper based on the existing case law, was not an `illegal sentence.'" Id. at 533 (footnote omitted). Because the sentence was not an illegal sentence, the trial court did not have jurisdiction to change the sentence in a manner unfavorable to Robinson.
In Music v. State, 655 So.2d 231 (Fla. 1st DCA 1995), the trial court's failure to impose the special condition of probation agreed upon in the plea agreement was held uncorrectable after the expiration of the sixty-day period provided in rule 3.800(c). There, the defendant entered into a plea agreement which included the special condition prohibiting all contact with minors. The trial court did not orally state this special condition and the written judgment and sentences also failed to make any reference to this special condition. Five years after the defendant began serving his sentence, the state filed a rule 3.800(a) motion to correct an illegal sentence. The trial court granted the motion and added the condition to the defendant's sentence. On appeal, the appellate court held that the sentence was not illegal even though it did not comport with the plea agreement and thus any motion to correct the sentence to include the special condition of probation was required to be made within sixty days. The court reversed the order with directions that the trial court strike the special condition of probation.
In a case with a little different twist, the trial court in Nichols v. State, 672 So.2d 825 (Fla. 2d DCA 1995), imposed the statutorily mandated fine of $50,000 for the *794 defendant's trafficking offense, but failed to state orally or to include in the written probation order the fact that payment of the fine was a condition of probation. After the defendant began serving his probation, the trial court modified the probation order to include the condition of payment of the fine. The appellate court reversed, holding that payment of the fine was never made a condition of probation and, absent proof that the defendant had violated the terms of his probation, a trial court cannot enhance the terms of probation.
We recognize that rule 3.800(c) allows the trial court to reduce or modify a sentence to include the conditions mandated by chapter 948. However, the rule specifically requires that this must be accomplished within sixty days after imposition of the original legal sentence. See Syverson v. State, 659 So.2d 1344 (Fla. 5th DCA 1995); see also State v. Sanderson, 625 So.2d 471 (Fla.1993). That time limit was not met in the instant case. Therefore, the trial court did not have jurisdiction to impose the section 948.03(5) conditions.

Conclusion
The trial court's initial failure to impose the standard conditions of probation mandated by section 948.03(5) resulted in an incomplete, but not illegal, sentence. The oversight is uncorrectable. More than sixty days had passed since the original sentence was imposed and thus, under rule 3.800(c), the trial court had no jurisdiction to correct the error. Accordingly, we reverse with the direction that the added conditions of probation be stricken.
REVERSED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] Section 948.03(5) makes certain conditions of probation standard with respect to offenders convicted of a violation of section 800.04, lewd act upon a child:

(5) Conditions imposed pursuant to this subsection, as specified in paragraphs (a) and (b), do not require oral pronouncement at the time of sentencing and shall be considered standard conditions of probation or community control for offenders specified in this subsection.
(a) Effective for probationers or community controllees whose crime was committed on or after October 1, 1995, and who are placed under supervision for violation of chapter 794, s. 800.04, s. 827.071, or s. 847.0145, the court must impose the following conditions in addition to all other standard and special conditions imposed....
(Emphasis added). Additional terms of probation for sex offenders who committed the offense after October 1997 are set forth in section 948.03(5)(b). Kiriazes allegedly committed his offense in February 1998; accordingly, both (5)(a) and (5)(b) should have been included in Kiriazes's probation order.
[2] Moreover, a sentence is not illegal because it is unauthorized by statute. Nelson v. State, 719 So.2d 1230 (Fla. 1st DCA 1998); see also King v. State, 681 So.2d 1136, 1140 (Fla.1996) ("While a trial court cannot impose an illegal sentence pursuant to a plea bargain, it can impose a negotiated sentence that is not specifically authorized by statute.") (citations omitted), receded from on other grounds, Carter v. State, 786 So.2d 1173 (Fla.2001).
[3] Section 775.089(1)(a), Florida Statutes, provides in pertinent part that "the court shall order the defendant to make restitution to the victim ... unless it finds clear and compelling reasons not to order such restitution." The statute further requires that the court make the payment of restitution a condition of the defendant's probation.