805 So.2d 76 (2002)
Ernesto PEREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-110.
District Court of Appeal of Florida, Fourth District.
January 16, 2002.
*77 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant challenges the trial court's revocation of his probation for violating a probation condition which was never orally pronounced or set forth in the written order of probation. Because the failure to include the condition did not put appellant on notice of it, it was not part of the sentence and the court could not revoke appellant's probation based upon a violation of that condition.
Appellant pled nolo contendere to charges of committing a lewd and lascivious act on a child some time during April or May of 1996. As a result, the trial court adjudicated him guilty, sentenced him to time served, and placed him on probation for three years. At the sentencing hearing, the court stated, "All the general conditions will be imposed." The court also imposed certain special conditions, including the requirement that appellant attend sexual offender counseling and have no unsupervised contact with the victim. The written sentence included these special provisions as well as the general standard provisions contained in the standard order of probation form in Florida Rule of Criminal Procedure 3.986(e). It did not contain the additional provisions contained in section 948.03(5), Florida Statutes (1995), which were required to be imposed for crimes occurring after October 1, 1995, involving, among others, lewd and lascivious assaults.
Three years later, a new probation supervisor took over appellant's case. In March of 1999, he reinstructed appellant on the original terms of his probation. In addition, he read verbatim the terms of section 948.03(5), and appellant stated that he understood them. Later, the supervisor filed an affidavit alleging that appellant had violated a condition of his probation by having contact with a minor. This condition is a provision of section 948.03(5)(a)5, but it was not a provision of the written order of probation. The affidavit also alleged that appellant had violated the standard condition requiring compliance with his probation supervisor's instructions, because the supervisor had instructed him to have no contact with minors, and he was found in the presence of a minor. After a hearing on the violations, the court revoked appellant's probation on both grounds and sentenced him to prison followed by probation. The new order of probation included the terms of section 948.03(5) as part of the conditions of probation.
After an appeal was filed from the revocation order, the public defender filed a motion to correct an illegal sentence pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), alleging that the original sentence in 1996 should be corrected under Heggs. The trial court corrected the sentence, but this time placed appellant on sexual offender probation. The length of the probationary period, six years, remained the same. An appeal also was filed from the revised sentence.
*78 Appellant claims the trial court fundamentally erred by revoking his probation for a condition imposed by the probation officer and not by the court. As we stated in Waldon v. State, 670 So.2d 1155, 1157 (Fla. 4th DCA 1996), "probation or community control may not be revoked for violation of a condition or requirement imposed unilaterally by the probation officer but not by the sentencing order." The state contends, however, that the sentencing judge orally imposed general conditions of probation, and thus, the statutory provisions were imposed even if never articulated to appellant either orally or in writing to appellant. We disagree with the state's reasoning.
Recently, the fifth district addressed this very issue in Kiriazes v. State, 798 So.2d 789 (Fla. 5th DCA 2001). Kiriazes was sentenced on March 22, 1999, to a prison term followed by four years of probation for committing a lewd act on a child. At the sentencing hearing, the conditions of section 948.03(5) were neither orally imposed nor were they included in the written order of probation. Kiriazes served the incarcerative portion of his sentence and was released on probation. On August 17, 2000, the trial court sua sponte entered an order, nunc pro tunc to March 22, 1999, imposing the sexual offender conditions of probation mandated by the statute, stating that they had been inadvertently omitted from the original order of probation. Kiriazes filed a motion pursuant to rule 3.800(b) to reinstate the original sentence, which motion was denied, prompting an appeal.
The fifth district held that the sentence imposed without the sexual offender probation conditions was not illegal, and the trial court was without jurisdiction to modify the sentence more than sixty days after its imposition. See id. at 793-94. In doing so, it addressed the requirements for pronouncing conditions of probation:
The legal significance of designating the conditions contained in section 948.03(5) as standard conditions that do not require oral pronouncement at sentencing is based on the rationale that enactment of the statute provides all persons with constructive notice of the conditions contained therein. State v. Hart, 668 So.2d 589, 592 (Fla.1996). The court in Hart defined standard conditions, also referred to as general conditions, as those conditions that are statutorily mandated or authorized. Constructive notice together with the opportunity to be heard at sentencing regarding any objection that may be raised concerning such conditions satisfies procedural due process requirements. Id. Therefore, as the court stated in Hart, "a condition of probation which is statutorily authorized or mandated... may be imposed and included in a written order of probation even if not orally pronounced at sentencing." 668 So.2d at 592 (citing Nank v. State, 646 So.2d 762, 763 (Fla. 2d DCA 1994)). However, if a standard condition of probation is not orally announced at sentencing and is not included in the written probation order, then it is not imposed. See Maddox v. State, 760 So.2d 89, 105 (Fla.2000) (stating that although standard conditions do not have to be orally announced at sentencing, "due process is satisfied as long as the conditions are included in the written sentencing order.") (citation omitted).
Kiriazes, 798 So.2d at 791-92. (emphasis added).
The purpose of announcing conditions of probation is to satisfy due process concerns. In Hart, the court held that the order of probation form contained within *79 the rules was sufficient notice to probationers of the general conditions of probation, so that oral pronouncement was unnecessary. 668 So.2d at 592. The court stated: "a condition of probation which is statutorily authorized or mandated may be imposed and included in a written order of probation even if not orally pronounced at sentencing." Id. (citation omitted); see also A.B.C. v. State, 682 So.2d 553, 555 (Fla.1996) ("statutorily authorized conditions of community control for juveniles... need not be orally pronounced at the adjudicatory hearing prior to entry of a written order")(emphasis added). However, the supreme court has never held that a statutory condition of probation may be imposed without either being orally pronounced or included in a written order. To do so would violate due process requirements. See Maddox, 760 So.2d at 105.
Because the condition which appellant violated was not included in the order of probation, it cannot be the basis for the revocation of his probation and his subsequent sentence. In addition, the court could not revoke appellant's probation for violating a condition unilaterally imposed by his probation supervisor under the general condition requiring compliance with a probation supervisor's instructions. See Chatman v. State, 365 So.2d 789, 790 (Fla. 4th DCA 1978). We therefore reverse and remand for his discharge and reinstatement of his original probation.
STONE and TAYLOR, JJ., concur.