824 So.2d 308 (2002)
Raymond J. SCHUTTE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-4575.
District Court of Appeal of Florida, First District.
August 22, 2002.
Nancy A. Daniels, Public Defender, and Terry Carley, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Under appeal in the present case is an instrument entitled "Amended Judgment, Sentence and Order Placing Defendant on Probation During Portion of Sentence." The parties agree that the trial court entered this order pursuant to its own motion almost three years after the initial probation order. The amended probation order purported to add certain statutorily mandated conditions for sex offenders. At the time of the original sentencing, the trial court did not orally pronounce, or make reference to, the statutorily mandated sex offender conditions.
We follow the pronouncement of the Fifth District, which was faced with an identical situation in Kiriazes v. State, 798 So.2d 789 (Fla. 5th DCA 2001). In that case, the Fifth District determined that the original sentence "was incomplete as opposed to illegal under the definition in Carter [v. State, 786 So.2d 1173 (Fla. 2001) ]." Because the sentence in Kiriazes was not illegal, the trial court was required to make any modification within 60 days. See Fla. R.Crim. P. 3.800(c). The same logic would apply to the present case, and, accordingly, the trial court's sua sponte modification of the probation order some three years after the original order may not stand. The amended probation order is REVERSED.
KAHN, WEBSTER, and DAVIS, JJ., concur.