CASANUEVA, Judge.
Ralph Poplar appeals the judgment revoking his probation. The State has forth *903 rightly acknowledged the merit of Mr. Poplar’s contention that the trial court erred in adding conditions of probation more than sixty days after the original order of probation was entered and thereafter revoking his probation for violating one of the improperly added probation conditions. We reverse.
In 1997, following a plea to felony charges involving promoting a sexual performance by a child and possession of child pornography, the trial court sentenced Mr. Poplar to a two-year term of community control followed by a three-year term of probation. In September 2000, the trial court modified the original sentence by adding conditions of supervision mandated by section 948.03(5)(a), (b), Florida Statutes (1999), including condition 21, which stated:
Unless otherwise indicated in the treatment plan provided by the sexual offender treatment program, you will not view, own, or possess any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs or computer services that are relevant to your deviant behavior pattern.
An affidavit alleging the violation of this condition was filed in August 2001 and a warrant was issued for Mr. Poplar’s arrest.
At the violation of probation hearing, the court received evidence regarding Mr. Poplar’s possession of photographs depicting nude women, including his wife, in a variety of poses. Mr. Poplar offered in his defense that the photographs, sent to him by a relative, had been taken some years before his sentence and that the individuals in the photographs were family members and were nude because he and other members of his family were naturists. The trial court did not find his explanation persuasive, revoked his supervision, and imposed a sentence of incarceration.
Florida Rule of Criminal Procedure 3.800(c) (1999) authorizes a court to modify a legally imposed sentence within sixty days of its imposition. Here, the modification occurred years after the sixty-day time period for modification had expired. In Kiriazes v. State, 798 So.2d 789, 794 (Fla. 5th DCA 2001), the court concluded:
The trial court’s initial failure to impose the standard conditions of probation mandated by section 948.03(5) resulted in an incomplete, but not illegal, sentence. The oversight is uncorrectable. More than sixty days had passed since the original sentence was imposed and, thus, under rule 3.800(c), the trial court had no jurisdiction to correct the error.
Accordingly, we reverse the order revoking Mr. Poplar’s probation for violating condition 21 and direct that he be reinstated to supervision.
Reversed and remanded with instructions.
SALCINES and KELLY, JJ„ Concur.