876 So.2d 642 (2004)
Loring Spencer JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-1182.
District Court of Appeal of Florida, First District.
June 18, 2004.
*643 Nancy A. Daniels, Public Defender, and Janice G. Scott, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellee.
COLE, KAREN K., Associate Judge.
Appellant appeals his judgment and sentence for felony petit theft following revocation of his probation. He contends that the general probation conditions which he allegedly violated were not validly imposed and cannot serve as a basis for revocation *644 of his probation. We agree but, because the sentencing error was not preserved as required by Brannon v. State, 850 So.2d 452, 459 (Fla.2003), we must affirm.
In November 1999, Appellant plead no contest to felony petit theft. The trial court adjudged him guilty of that offense and sentenced him to three years in prison followed by two years of probation. In pronouncing sentence, the trial judge recited certain special conditions of probation (restitution and deferred payment of the costs of supervision) but did not state that the probation was subject to any general conditions of probation. The trial judge entered a judgment and sentence, but failed to enter a written probation order.
When Appellant was released from prison, the Department of Corrections told him in writing where and when to report to his probation officer. Appellant, however, failed to timely report and failed to contact his probation officer at all. The probation officer then filed an affidavit of violation of probation. Shortly thereafter, the probation officer filed an amended affidavit of violation, adding an allegation that Appellant had been arrested for stealing a shopping cart from Wal-Mart.
The successor trial judge, apparently realizing that no written order of probation had ever been entered, then entered such an order in January 2003 and recited that it was entered nunc pro tunc to the date of the judgment and sentence.[*] Following a hearing, he concluded that Appellant's failure to contact his probation officer and his commission of a new crime constituted willful and substantial violations of the general conditions of his probation. See § 948.03(1), Fla. Stat. (1999)(general conditions of probation), and Fla. R.Crim. P. 3.986(e) (form probation order including general conditions of probation). The trial judge entered an order revoking Appellant's probation and sentencing him to five years in prison (with credit for time already served) for felony petit theft. Except in cases involving certain crimes other than the one here involved, a trial court has discretion to determine which general conditions to include in a probation order. See § 948.03(1), Fla. Stat. ("These [general] conditions may include among them the following ...;" (emphasis supplied)). General conditions may be imposed either orally, or in writing, or both. General conditions of probation not orally pronounced at sentencing may nevertheless be validly imposed by subsequent timely written order of probation. Perez v. State, 805 So.2d 76, 79 (Fla. 4th DCA 2002) (citing State v. Hart, 668 So.2d 589, 592 (Fla.1996)). Revoking probation, however, for violating conditions neither orally pronounced nor embodied in a written order violates a defendant's due process rights under the Florida and United States Constitutions. Perez, 805 So.2d at 79. See also Kiriazes v. State, 798 So.2d 789, 792 (Fla. 5th DCA 2001)("[I]f a standard condition of probation is not orally announced at sentencing and is not included in the written probation order, then it is not imposed.")
When Appellant in this case committed the acts which allegedly constituted a violation of his probation, he had not been told either orally or in writing that such acts were prohibited and would result in a revocation of his probation. The trial court therefore erred in revoking Appellant's probation on this basis. However, a revocation of probation proceeding is *645 merely an extension of the sentencing process and is therefore subject to its preservation requirements. Sentencing errors are not reviewable on direct appeal unless they are preserved in the trial court, either by timely objection at sentencing or by a timely filed motion pursuant to Florida Rule of Criminal Procedure 3.800(b). See Brannon v. State, 850 So.2d 452 (Fla.2003); see also Maddox v. State, 760 So.2d 89, 104-106 (Fla.2000) (concluding that appellant's due process rights to challenge a condition of probation is sufficiently protected by the mechanisms of rule 3.800(b)).
In the present case, the Appellant neither made a contemporaneous objection nor filed a rule 3.800(b) motion to correct the error, and thus the issue is unpreserved for review. This determination, however is without prejudice to the Appellant's right to seek collateral relief under Florida Rule of Appellate Procedure 9.141(c) or Florida Rule of Criminal Procedure 3.850. See, e.g., Santiago v. State, 870 So.2d 198 (Fla. 3d DCA 2004) (opinion not yet final).
Accordingly, the judgment and sentence below is AFFIRMED.
ALLEN and POLSTON, JJ., concur.
NOTES
[*] Because it is not necessary for resolution of this case, this Court does not reach the issue of whether he could validly do so.