978 So.2d 825 (2008)
Mark Paul BEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-4471.
District Court of Appeal of Florida, First District.
March 13, 2008.
Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Terry P. Roberts, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
As the State recognizes, the trial court erred when it modified appellant's probation to include electronic monitoring where the modification occurred more than 60 days after the original sentence was rendered in violation of rule 3.800(c), Florida Rules of Criminal Procedure. See Schutte v. State, 824 So.2d 308 (Fla. 1st DCA 2002). The amended order is reversed and the added condition is stricken.
WOLF and BENTON, JJ., CONCUR; PADOVANO, J., concurs in result with opinion.
PADOVANO, J., concurring in the result.
I join in the decision but I would recede from Schutte v. State, 824 So.2d 308 (Fla. 1st DCA 2002) and certify conflict with Kiriazes v. State, 798 So.2d 789 (Fla. 5th DCA 2001). In my view, these decisions are erroneous in that they deprive the state of its right to correct an illegal sentence under the provisions of rule 3.800(a) of the Florida Rules of Criminal Procedure.
The Fifth District held in Kiriazes that the trial court's failure to impose a probation condition required by section 948.03, Florida Statutes, could not be corrected more than sixty days after the entry of the order placing the defendant on probation. The court reasoned that the sentence was not illegal, but rather that the failure to impose the condition merely made the sentence "incomplete." We adopted this same approach in Schutte.
I believe that this newly adopted classification of "incomplete sentences" will do more harm than good.[1] And I fear that the opportunity to classify a sentence as incomplete could be used to make an artificial distinction. If a sentence is incomplete because it fails to include a form of punishment that is required by the applicable statute, then it is also illegal. On the other hand, if the sentence is thought to be incomplete because it fails to include a form of punishment the trial judge could have imposed but did not, then it is not truly incomplete.
The result in the Kiriazes case seems entirely fair, given the facts of the case and the state's failure to act diligently. However, the rationale for the decision could be applied in many other situations, some of them much more serious. If the trial court sentences a defendant for trafficking *826 in cocaine to a term of imprisonment that is within the maximum allowed for the offense but fails to impose the applicable mandatory minimum term, the sentence would be illegal. Yet by the reasoning in Kiriazes and Schutte, it could be argued that the sentence is merely incomplete.
Another troubling aspect of these decisions is that they suggest that a trial judge could modify a sentence by imposing a harsher condition of probation, so long as the modification takes place within the sixty days allowed by rule 3.800(c). I do not think that implication is correct. The provisions of rule 3.800(c) are designed primarily to allow an opportunity to reduce or mitigate a sentence that is too harsh, and the rule is nearly always employed for this purpose by the defendant. It is difficult to imagine any circumstance in which the state could use the rule to increase a sentence, even within the allotted time.
Our supreme court held in Troupe v. Rowe, 283 So.2d 857 (Fla.1973) that jeopardy attaches when the defendant is sentenced and that the sentence cannot hereafter be increased. The court recognized that trial judges have a limited opportunity to modify a sentence but emphasized that this power is "subject of course to the constitutional guarantee against double jeopardy." Troupe, 283 So.2d at 859; see also Ashley v. State, 850 So.2d 1265 (Fla. 2003).
This guarantee applies to probationary sentences as well as prison sentences. See Lippman v. State, 633 So.2d 1061 (Fla. 1994). For example, a trial judge could not place a defendant on probation for two years for a third-degree felony and then decide a month later to increase the term to three years. Although the increased term would be lawful for a third-degree felony, it would violate the constitutional guarantee against double jeopardy. The constitutional error would not be cured merely by complying with the sixty-day time limit in rule 3.800(c).
The Florida Supreme Court addressed the applicability of the double jeopardy clause to probationary sentences in Justice v. State, 674 So.2d 123 (Fla.1996). There, the court invalidated probation conditions that were outlined in the final judgment but not pronounced in open court at the time of the defendant's sentencing. Quoting from Judge Griffin's dissenting opinion, the Court observed:
An order of probation, like any other aspect of sentencing, ought not be a work in progress that the trial court can add to or subtract from at will so long as he or she brings the defendant back in and informs the defendant of the changes. To permit this would mean a lack of finality for no good reason and multiple appeals. It is not too much to ask of a sentencing judge to decide on and recite the special conditions of probation at the sentencing hearing, just as is done with the balance of the sentence. If the court has omitted a condition it wishes it had imposed, its chance has passed unless the defendant violates probation.
Justice, 674 So.2d at 126.
The decisions in Kiriazes and Schutte, run contrary to this principle, in that they suggest that a trial court could modify a probationary term to impose harsher conditions, so long as it does so within the sixty-day window in rule 3.800(c). In my view, that cannot be done at any time after the probationary conditions have been imposed at sentencing.
The correction of an illegal sentence is an entirely different matter. In the present case, the trial judge failed to impose a condition of electronic monitoring. Because the applicable statute mandated this *827 condition for any person convicted of the offense at issue, the failure to impose the condition renders the sentence illegal. By the text of rule 3.800(a), this kind of error can be corrected on the motion of the state "at any time."
I think that this case should have been governed by rule 3.800(a) and not by rule 3.800(c), but that is not an unqualified endorsement of the idea that the state should have an indefinite opportunity to correct an illegal sentence. The points made here are based on the text of the rule, not the wisdom of the rule. In fact, a good argument could be made that the state should not have an indefinite right to challenge a sentence even if it can be shown that the sentence fell below the minimum term required by law.
In United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), the Court held that a statute allowing the government to appeal a sentence imposed in a criminal case did not violate the guarantee against double jeopardy. The Court came to this conclusion at least in part because the statute called for an immediate review of the sentence. As the Court explained, the defendant is charged with knowledge of the statute and its appeal provision, and "has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired." DiFrancesco, 449 U.S. at 136, 101 S.Ct. 426.
The difference here is that the state's right to challenge an illegal sentence is based on a rule of procedure, not a statute.[2] Moreover, there is no time limit on the right. The provision in rule 3.800(a) allowing the state to challenge an illegal sentence at any time might not withstand double jeopardy analysis under the rationale of DiFrancesco. But the point made here, that the courts have confused a rule 3.800(a) motion to correct an illegal sentence with a rule 3.800(c) motion to modify a legal sentence, is based on the state's right as it exists under the plain language of the rules. Whether it would be wise to place some time limit on the state's right to challenge an illegal sentence is a question for another day.
In summary, I would hold that this case is governed by rule 3.800(a) and that the state has a right to seek a correction of the sentence to include the condition of electronic monitoring, because it is required by law. I would make it clear that rule 3.800(c) can be used only to reduce or mitigate a sentence or to modify a sentence in a way that does not make the sentence more harsh. Rule 3.800(c) does not enable the court to increase a lawful sentence by adding a new condition of probation.
I agree that this case must be reversed, but were I not bound by our own precedent in Schutte, I would affirm.
NOTES
[1] The Florida courts have had a hard enough time in defining the phrase "illegal sentence"; they should not now embark on the task of defining and distinguishing sentences that are illegal from those that are merely incomplete. The Florida Supreme Court has struggled with the term "illegal sentence," defining it three different ways in recent years. See Davis v. State, 661 So.2d 1193 (Fla.1995); State v. Mancino, 714 So.2d 429 (Fla. 1998); Carter v. State, 786 So.2d 1173 (Fla.2001).
[2] Chapter 924, Florida Statutes, entitled "Appeals and Collateral Review," includes a provision that authorizes the state to appeal an illegal sentence. See § 924.07(1)(e), Fla. Stat. (2007). To exercise this right, the state would have to file an appeal within fifteen days of the judgment. See Fla. R.Crim. P. 9.140(c)(3). The state also has a right under rule 3.800(a) of the Florida Rules of Criminal Procedure to file a motion to correct an illegal sentence "at any time," but there is apparently no counterpart provision for this right in Chapter 924.