*1234
 
 PER CURIAM.
 

 Petitioner alleges that his appellate counsel was ineffective on appeal from a revocation of probation. Petitioner contends that his appellate counsel was ineffective in failing to argue that the trial court did not orally pronounce the standard and special conditions of probation and did not timely file a written order of probation. This issue was not preserved below, but counsel should have filed a rule 3.800(b) motion.
 
 See, e.g., Flowers v. State,
 
 965 So.2d 1233 (Fla. 1st DCA 2007).
 

 This court in
 
 Jones v. State,
 
 876 So.2d 642 (Fla. 1st DCA 2004), stated that general conditions may be imposed either orally, or in writing, or both. General conditions of probation not orally pronounced at sentencing may validly be imposed by subsequent timely written order of probation.
 
 See State v. Williams,
 
 712 So.2d 762, 764 (Fla.1998). However, the special condition that petitioner complete drug treatment must be orally pronounced at sentencing in order to be included in an order of probation.
 
 See Kirkland v. State,
 
 666 So.2d 974 (Fla. 1st DCA 1996). The transcript of the sentencing hearing shows that no special condition of probation for drug treatment was announced. In addition, the written order of probation was not timely entered. It was not entered within 60 days of the sentencing. Therefore, the trial court was without jurisdiction to modify the probation to impose the special condition.
 
 See Music v. State,
 
 655 So.2d 231 (Fla. 1st DCA 1995).
 

 Furthermore, the state acknowledges that there is no evidence of any acknowl-edgement by petitioner that he understood the terms and conditions of his probation. The Florida Supreme Court has held that the trial court and the probation order must adequately place the probationer on notice of conduct both required and prohibited during the probationary period.
 
 Lawson v. State,
 
 969 So.2d 222 (Fla.2007). A defendant cannot willfully violate a condition of probation without being on adequate notice of the conduct that is prohibited.
 
 Id.
 
 at 230.
 

 We hold that petitioner’s appellate counsel was ineffective for failing to raise these issues on appeal and preserve them by filing a rule 3.800(b) motion. Accordingly, we grant the petition for ineffective assistance of appellate counsel. We order commencement of a new appellate proceeding. A copy of this opinion will be provided to the clerk of the circuit court upon issuance of mandate, who shall treat it as a timely notice of appeal. If petitioner qualifies for appointed counsel, the trial court shall appoint counsel to represent him on appeal. The trial court shall entertain any filed rule 3.800(b)(2) motion to preserve the sentencing error discussed in this proceeding. The resulting new appellate proceeding before this court shall be limited to the issues described above.
 

 PETITION GRANTED.
 

 WOLF, LEWIS, and ROBERTS, JJ., concur.