*749 BENTON, J.,
concurring.
This case presents at least an arguable issue about whether appellant’s resentenc-ing comported with the prohibitions against double jeopardy. See Fasenmyer v. State, 457 So.2d 1361, 1365-66 (Fla.1984) (citing North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Troupe v. Rowe, 283 So.2d 857 (Fla.1973)). But this is another case in which “the absence of any objection at the time of sentencing, followed by the failure to file a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b) before the initial brief was filed, precludes correction even of ‘fundamental’ sentencing errors on direct appeal.” Starkes v. State, 10 So.3d 1109, 1109, 2009 WL 981327 (Fla. 1st DCA April 14, 2009) (Benton, J., concurring). See Colon v. State, 869 So.2d 1290, 1290 (Fla. 4th DCA 2004) (affirming convictions and sentences because “unpreserved sentencing error cannot be corrected in an Anders [v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) ] case”).
Today’s affirmance is, however, without prejudice to appellant’s right to seek relief collaterally, see Wilson v. State, 898 So.2d 191, 193 (Fla. 1st DCA 2005); Colon, 869 So.2d at 1290, although he may not have the right to be assisted by counsel in doing so. Cf. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (establishing an indigent defendant’s right to court-appointed counsel on direct appeal). Compare Florence v. State, 754 So.2d 175, 176 (Fla. 1st DCA 2000), ivith Toliver v. State, 737 So.2d 1142, 1143-44 (Fla. 1st DCA 1999). See also Hicks v. State, 1 So.3d 1233, 1234 (Fla. 1st DCA 2009) (holding “that petitioner’s appellate counsel was ineffective for failing to raise these issues on appeal and preserve them by filing a rule 3.800(b) motion”).