NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SAMEH SALIB SOLIMAN,          )
                                       )
          Appellant,         )
                                       )
v.                             )          Case No. 2D14-5007
                                       )
STATE OF FLORIDA,          )
                                       )
          Appellee.          )
_____)

Opinion filed February 5, 2016.

Appeal from the Circuit Court for Manatee
County; Edward Nicholas, Judge.

Howard L. Dimmig, II, Public Defender, and
Clark E. Green, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jason M. Miller, Assistant
Attorney General, Tampa, for Appellee.

KHOUZAM, Judge.

Sameh Salib Soliman appeals his judgments and sentences for traveling

to meet a minor, use of a computer to seduce/solicit/entice a child to commit a sex act,

and attempted lewd or lascivious battery.

Soliman entered an open plea to these charges after he was apprehended as a part of an undercover operation. At sentencing, the State recommended six years' imprisonment followed by four years' probation. The trial court sentenced Soliman to three years' imprisonment followed by three years' sex offender probation for traveling, and three years' imprisonment followed by two years' sex offender probation for soliciting and attempted lewd or lascivious battery. Under State v. Shelley, 176 So. 3d 914, 919 (Fla. 2015), Soliman's conviction and sentence for solicitation cannot stand because it is subsumed into the traveling offense. The fact that he entered an open plea does not preclude him from raising this issue on appeal. See Novaton v. State, 634 So. 2d 607, 609 (Fla. 1994) (noting that a defendant that entered a plea may still raise a double jeopardy claim on appeal when "(a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation"); Meythaler v. State, 175 So. 3d 918, 919 (Fla. 2d DCA 2015) (same).

The State argues that Soliman is precluded from raising this issue on appeal insisting Soliman "received the benefit of [a] plea bargain" because the State recommended a sentence of only six years' imprisonment followed by four years' probation. Our review of the record belies the claim that Soliman entered into a plea bargain. There is no written plea agreement between the State and Soliman in the record. The plea and sentencing transcripts irrefutably demonstrate that there was no plea bargain and that Soliman entered an open plea. Simply because the State recommended what it considered to be a lenient sentence and Soliman was sentenced favorably does not transmute through judicial alchemy Soliman's open plea into a

bargain. A plea bargain is "[a] negotiated agreement between a prosecutor and a criminal defendant whereby the defendant pleads guilty or no contest to a lesser offense or to one of multiple charges in exchange for some concession by the prosecutor, [usually] a more lenient sentence or a dismissal of the other charges." Black's Law Dictionary (10th ed. 2014). There was no negotiated agreement between Soliman and the State.

Accordingly, we vacate Soliman's conviction and sentence for solicitation. We affirm Soliman's remaining convictions and sentences.

Affirmed in part, vacated in part.

KELLY and CRENSHAW, JJ., Concur.