NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| SAMEH SALIB SOLIMAN,<br>DOC #S36770, | ) |
| | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Case No. 2D16-2980 |
| | ) |
| STATE OF FLORIDA, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Opinion filed February 14, 2018.

Appeal from the Circuit Court for
Manatee County; Edward Nicholas,
Judge.

Howard L. Dimmig, II, Public Defender,
and Matthew D. Bernstein, Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.


ROTHSTEIN-YOUAKIM, Judge.

        This appeal originally came to us pursuant to Anders v. California, 386

U.S. 738 (1967).  Upon our de novo review of the record and after ordering additional

briefing, we affirm the judgment and sentence, as well as the order of sex offender

probation that was signed on June 29, 2016, but was not filed until September 8, 2016. However, because the trial court lacked jurisdiction to impose conditions of sex offender probation that it previously had affirmatively declined to impose, we vacate the trial court's September 8, 2016, order modifying that June 29, 2016, order without prejudice to a timely modification under Florida Rule of Criminal Procedure 3.800(c) following the issuance of our mandate in this appeal.

On June 29, 2016, on remand following this court's vacatur of Sameh Salib Soliman's conviction for using a computer to solicit a child to commit a sex act, see Soliman v. State, 185 So. 3d 647, 648-49 (Fla. 2d DCA 2016), the trial court orally resentenced Soliman to concurrent terms of three years' imprisonment for traveling to meet a minor (count one), see § 847.0135(4)(a), Fla. Stat. (2013), and attempted lewd or lascivious battery (count three), see §§ 800.04(4)(a), 777.04, Fla. Stat. (2013). The court ordered that those terms be followed by concurrent terms of three years' sex offender probation on count one and two years' sex offender probation on count three. The court expressly and affirmatively declined, however, to impose most of the conditions of sex offender probation,[1] although those conditions were statutorily mandatory for count three. See § 948.30, Fla. Stat. (2013).

On September 8, 2016—after the trial court had orally pronounced the sentence and after Soliman had filed the notice of appeal giving rise to this appeal but before the court had filed any written order of sex offender probation with the clerk of the circuit court—the court, pursuant to the parties' stipulation, ordered that Soliman's

---

[1]Although imposing a few of the conditions, the court orally stated, "All the other conditions of sex offender probation will not apply to this particular sentence."

- 2 -

sentence be modified to include conditions of sex offender probation that it previously had affirmatively declined to include. Neither the parties' stipulation nor the court's order identified any authority for the court's modification of the conditions of Soliman's sex offender probation at that point. On that same date, the trial court filed both the order granting the parties' stipulation and its order of sex offender probation. This written order of sex offender probation, however, bore a signature date of June 29, 2016, and was, on its face, consistent with the court's oral pronouncement rather than with the court's modification order.[2]

The trial court lacked jurisdiction to modify the conditions of Soliman's sex offender probation. In Poplar v. State, 842 So. 2d 902, 903 (Fla. 2d DCA 2003), this court adopted the rationale of Kiriazes v. State, 798 So. 2d 789, 792-94 (Fla. 5th DCA 2001), which held that the failure to impose mandatory standard conditions of sex offender probation results in an "incomplete" sentence correctable under rule 3.800(c). See also Schutte v. State, 824 So. 2d 308, 308 (Fla. 1st DCA 2002) (following Kiriazes). But see Beal v. State, 978 So. 2d 825, 825-27 (Fla. 1st DCA 2008) (Padovano, J., concurring in result) (explaining why failing to impose statutorily mandated condition of probation should instead be characterized as resulting in "illegal" sentence correctable under rule 3.800(a)).[3] That rule permits a court to

---

[2]Specifically, it included the language, "ALL OTHER SEX OFFENDER CONDITIONS DO NOT APPLY," despite that the order of modification directed that that language be struck. Appellate counsel for both parties represented that they could not explain why the written order of sex offender probation had not been filed with the clerk of the circuit court when it was originally signed.

[3]Although the State, in its supplemental briefing, argues that the modification was authorized under rule 3.800(b), we readily reject that rule as inapplicable; the imposition of additional conditions of probation plainly did not "benefit the defendant" and plainly went beyond correction of a mere "scrivener's error."

reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it, sua sponte, or upon motion filed, within 60 days after the imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal . . . .

Fla. R. Crim. P. 3.800(c).

The "imposition" of the legal sentence that triggered the first sixty-day window, however, was the trial court's oral pronouncement of June 29, 2016. See Fla. R. Crim. P. 3.700(a) ("The term sentence means the pronouncement by the court of the penalty imposed on a defendant for the offense of which the defendant has been adjudged guilty."); Gonzalez v. State, 979 So. 2d 1257, 1259 (Fla. 3d DCA 2008) ("The State maintains that 'imposition' of sentence means the oral pronouncement required by Florida Rule of Criminal Procedure 3.700, and that the oral pronouncement should start the time period for purposes of rule 3.800(c). We agree."). The sixtieth day following sentencing was Sunday, August 28, 2016, so the parties had until Monday, August 29, 2016, to timely move under rule 3.800(c). See also Fla. R. Crim. P. 3.040; Fla. R. Jud. Admin. 2.514(a)(1)(C). The parties' undated stipulation was not filed until September 8, 2016. Therefore, construed as a motion under rule 3.800(c), the stipulation was untimely and, therefore, inadequate to vest in the trial court jurisdiction to add to the conditions of sex offender probation those conditions that it had previously explicitly declined to impose. See Poplar, 842 So. 2d at 903 (quoting Kiriazes, 798 So. 2d at 794).

Accordingly, the trial court lacked jurisdiction to modify its oral pronouncement of the conditions imposed on Soliman's sex offender probation. We thus vacate the trial court's September 8, 2016, order modifying its June 29, 2016, order

- 4 -

of sex offender probation without prejudice to a timely modification under rule 3.800(c) following the issuance of our mandate in this appeal. In all other respects, we affirm the judgment and sentence, as well as the June 29, 2016, order of sex offender probation, which accurately reflects the court's oral pronouncement.

Judgment and sentence affirmed; order vacated.

VILLANTI and CRENSHAW, JJ., Concur.