# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-2881
_____

EARNEST CARL DAUGTHREY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Jackson County.
Ana Maria Garcia, Judge.

December 6, 2023

PER CURIAM.

Appellant was charged with fleeing or attempting to elude a law enforcement officer. Following a trial, the jury found him guilty of reckless driving, a lesser included offense. At sentencing, the State requested a six-month probation term and Appellant did not object. The written judgment and sentence included an assessment of $50 for prosecution costs.

The trial court filed a written order of probation ninety-seven days after imposing the judgment and sentence. The written order included additional probation conditions not orally pronounced. Appellant filed a motion to correct the sentencing error and it was denied. This appeal followed.

Appellant's first claim is that his six-month probationary sentence impermissibly exceeded the maximum lawful sentence. This is incorrect. Section 948.15(1) provides the legal basis for his sentence. We affirm on this claim.

Appellant's second claim is that the trial court erred in imposing additional probation conditions in a written order filed more than sixty days after sentencing. Florida Rule of Criminal Procedure 3.800(c) "allows the trial court to reduce or modify a sentence to include the conditions mandated by chapter 948. However, the rule specifically requires that this must be accomplished within sixty days after imposition of the original legal sentence." *Kirizes v. State*, 798 So. 2d 789, 794 (Fla. 5th DCA 2001). We have adopted the rationale in *Kiriazes. See Schutte v. State*, 824 So. 2d 308 (Fla. 1st DCA 2002); *Beal v. State*, 978 So. 2d 825 (Fla. 1st DCA 2008).

While the State is correct that the contested conditions did not require oral pronouncement, they did need to be timely imposed. "General conditions of probation not orally pronounced at sentencing may validly be imposed by subsequent timely written order of probation." *Hicks v. State*, 1 So. 3d 1233, 1234 (1st DCA 2009) (citing *State v. Williams*, 712 So. 2d 762, 764 (Fla. 1998)). Since the written order was filed outside of the sixty-day window, the additional probation conditions were improper. We reverse on this claim and remand for the trial court to enter a corrected order consistent with this opinion.

Appellant's third claim is that the trial court erred in imposing a prosecution fee of $50. He argues that the State must request the prosecution fee at sentencing. We affirm on this claim. *See Parks v. State,* No. 1D22-1566, 2023 WL 4924857 (1st DCA 2023).

AFFIRMED in part, REVERSED in part, and REMANDED.

RAY, BILBREY, and LONG, JJ., concur.

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Jessica J. Yeary, Public Defender, and Tyler Kemper Payne, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Kristie Regan, Assistant State Attorney, Tallahassee, for Appellee.