488 So.2d 644 (1986)
STATE of Florida, Appellant,
v.
Cynthia Ann BLACKMAN, Appellee.
No. 85-2796.
District Court of Appeal of Florida, Second District.
May 14, 1986.
Jim Smith, Atty. Gen., Tallahassee, and Kim W. Munch, Asst. Atty. Gen., Tampa, for appellant.
J. Marion Moorman, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellee.

ON MOTION TO DISMISS
PER CURIAM.
Appellee Cynthia Blackman has moved to dismiss the state's appeal in this case.
In 1984 Ms. Blackman was placed on community control and probation for two counts of robbery. Although this sanction constituted a departure from the recommended guideline sentence, the state apparently chose not to appeal the departure, which it would have been authorized to do under Florida Rule of Appellate Procedure 9.140(c)(1)(J).
Approximately one year later Blackman was charged with violating community control by using drugs. The trial court heard evidence which would have supported revocation of Blackman's community control, but chose instead to accept the probation officer's recommendation to order Blackman to enter and complete a drug treatment program. The state filed a notice of appeal from this decision on the theory it constituted a downward departure from the guidelines.
The decision to modify, rather than revoke, Blackman's community control was one of the options available to the trial court under section 948.06, Florida Statutes (1985). While Florida Rule of Appellate Procedure 9.140(b)(1)(C) permits a defendant to appeal an order revoking or modifying probation, neither the rules nor the Florida statutes afford the state a similar right of appeal. When a trial court determines that probation should not be revoked, and thus imposes no sentence, the state has no remedy either by direct appeal or by certiorari. Jones v. State, 477 So.2d 566 (Fla. 1985).
*645 Accordingly, we grant appellee's motion to dismiss.
SCHEB, A.C.J., and SCHOONOVER and HALL, JJ., concur.