642 So.2d 629 (1994)
Christie THORPE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-4080.
District Court of Appeal of Florida, First District.
September 14, 1994.
Nancy A. Daniels, Public Defender, and Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard Parker, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
The issue raised in this appeal is whether Appellant willfully and substantially violated the terms of her probation because she had not transferred to the victim the represented $8,750 equity value in her condominium. A violation triggering a revocation of probation must be willful and substantial. Drayton v. State, 490 So.2d 229 (Fla. 2d DCA 1986). The behavior underlying the violation must occur after the terms of supervision have been imposed. E.g., Hines v. State, 358 So.2d 183, 185 (Fla. 1978). Where a probationer has made reasonable efforts to comply with the terms of probation, his or her failure to do so has been held not to be willful. Scott v. State, 485 So.2d 40 (Fla. 2d DCA 1986); Gardner v. State, 365 So.2d 1053 (Fla. 4th DCA 1978); Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980). The alleged misrepresentation by Appellant that she had an equity of $8,750 in her condominium took place prior to the entry of the order setting the condition of probation that she transfer the *630 condominium to the victim as restitution. After the order was entered, Appellant made reasonable efforts to comply with its terms by attempting to transfer title to the condominium and offering to pay in cash over a period of time any deficiency in the equity, which the victim rejected. While it may be argued that Appellant's alleged misrepresentation of the equity value could be cause for prosecution of an independent criminal charge or support a finding of criminal contempt, such conduct did not legally constitute a willful and intentional violation of the condition of her probation. The order revoking probation on that ground is REVERSED.
ZEHMER, C.J., and MICKLE and LAWRENCE, JJ., concur.