PARKER, Judge.
Willie Nichols appeals the trial court’s order which modified his probation to include payment of a $50,000 fine. Because the order modifying the probation was error, we reverse.
Nichols was convicted of two counts of delivery of cocaine and one count of trafficking in cocaine. The court sentenced Nichols to concurrent sentences of five years in prison to be followed by two years’ probation. The court also imposed the mandatory $50,000 fine for the trafficking offense. The court, however, never orally pronounced that payment of the fine was a condition of probation, and the Order of Probation did not list payment of the fine as a condition of probation. While Nichols was serving his probation, his probation officer filed an affidavit of violation of probation, stating that Nichols failed to comply with the instructions of the probation officer to pay $50 per month toward the $50,000 fine. The trial court thereafter modified Nichols’s probation to include the condition that he pay the $50,000 fine before his release from probation.
We conclude that Nichols did not violate his probation, as the affidavit alleged, because the payment of the fine was never made a condition of probation. Further, the trial court erred in modifying the probation order to include the condition. Absent proof of a violation of probation, a trial court cannot modify an order of probation by enhancing its terms. See Lippman v. State, 633 So.2d 1061 (Fla.1994); Clark v. State, 579 So.2d 109 (Fla.1991). We, therefore, reverse *826 the Amended Order of Modification of Probation.
DANAHY, A.C.J., and PATTERSON, J., concur.