721 So.2d 370 (1998)
STATE of Florida, Appellant,
v.
David GRAY, Appellee.
No. 97-4342.
District Court of Appeal of Florida, Fourth District.
October 28, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellee.
WARNER, Judge.
The state appeals from an order that it characterizes as a downward departure sentence, which was imposed after the court found that the appellee had violated his community control. Since the trial court modified the conditions of appellee's community control but did not revoke it, we conclude that the state may not appeal from such an order. Section 948.06(1), Florida Statutes (1997), provides, in pertinent part, that after a probation violation hearing, the court may "revoke, modify, or continue the probation or community control." Only where the court revokes probation must the court impose a sentence. See id. Even when an appellant admits a probation violation, the court is not required to revoke the probation and sentence the offender on the underlying charge. See id.
Pursuant to Florida Rule of Appellate Procedure 9.140(c)(1), the state can appeal an illegal sentence or a downward departure sentence. However, we can find no authority for the state to appeal a modification of probation since the court does not "sentence" a probationer when it modifies probation. We agree with State v. Blackman, 488 So.2d 644, 644 (Fla. 2d DCA 1986), that the rules permit only a defendant to appeal an order *371 revoking or modifying probation; the rules do not allow the state to do so.
Dismissed.
GUNTHER and STEVENSON, JJ., concur.