909 So.2d 942 (2005)
STATE of Florida, Petitioner,
v.
Ramona WATSON, Respondent.
No. 5D05-921.
District Court of Appeal of Florida, Fifth District.
August 12, 2005.
Rehearing Denied September 9, 2005.
*943 Norman R. Wolfinger, State Attorney, and Bart Schneider, Assistant State Attorney, Sanford, for Petitioner.
James Russo, Public Defender, Eighteenth Judicial Circuit, and Judith L. Kinney, Chief Assistant Public Defender, Sanford, for Respondent.
SHARP, W., J.
The state petitions this court for certiorari review of a trial court's order which, after finding a violation of probation occurred, modified Watson's terms of probation. The state argues that because Watson's scoresheet totaled more than 44 points when the violation occurred, the judge departed from the essential requirements of law by failing to provide written reasons for not imposing a prison sentence. See §§ 921.0024(2), 921.0026, Fla. Stat. (2005); Fla. R.Crim. P. 3.704(25); 3.704(27)(A). We deny the writ and also decline to treat this proceeding as a timely appeal.
This cause commenced as a violation of probation hearing. Watson was accused of having violated a condition of her two-year term of probation by driving without a valid driver's license. Watson admitted the violation. The judge asked the prosecutor and public defender to provide her with a scoresheet. A current scoresheet was not available, but all agreed the one prepared in 2003 when Watson was originally placed on probation could be used. Her score then was 36.2 points.
However, because there had been one prior violation of probation, Watson's score now totaled 48.2, because twelve additional points were added for the two violations of probation. See Fla. R.Crim. P. 3.704(d)(16). Everyone, including Watson, agreed this score was accurate. Watson was also warned that a score over 44 points could result in a prison sentence under the sentencing guidelines. Watson said she understood, but elected not to withdraw her admission of probation violation.
The judge proceeded to announce her decision to modify Watson's probation pursuant *944 to section 948.06(2)(a), Florida Statutes (2005), which provides that upon accepting an admission of violation, the court may "revoke, modify, or continue the probation." The state objected to the court's ruling because no grounds for a downward departure sentence were stated.
The state filed this petition for certiorari within a 30-day period following the judge's oral pronouncement, but beyond the 15-day period for an appeal.[1] It attached a transcript of the hearing held February 21, 2005, and a copy of the court minutes, also dated February 21, 2005. Because there was no written order, this court issued a show cause order on April 6, 2005, as to why the petition should not be dismissed for lack of jurisdiction. See Fla. R.App. P. 9.020(h); State v. Wagner, 863 So.2d 1224 (Fla.2004). In response, the state filed an amendment to its petition and attached a certified copy of the court's order dated April 19, 2005. We accepted the amendment, although the petition was obviously prematurely filed.
The order rendered by the lower court is consistent with the transcript and court minutes. It states that the judge accepted Watson's admission that she violated her probation and that her scoresheet totaled 48.2 points. Accordingly, the judge modified Watson's probation by adjudicating her guilty of the underlying offense and reinstating the original two-year term of probation. As a condition of probation, Watson was sentenced to a term of 217 days in jail and given 217 days credit for time served. The judge also imposed two new conditions of probation; Watson must attend and complete a counseling program and use her best efforts to obtain a valid driver's license within 150 days. The court gave no reason for a "downward departure sentence."
The first issue we must address is whether this court has jurisdiction to review an order modifying probation as an appeal. Because of the procedural prematurity noted above, an appeal by the state would be timely.[2] However, sections 924.07 and 924.071, Florida Statutes (2005), list the orders in criminal cases that the state can appeal. The state can appeal an illegal sentence[3] and also a downward departure sentence.[4] But there is no provision authorizing the state to appeal an order modifying probation. Absent such a statute, the state cannot appeal orders or judgments in criminal cases. See State v. Creighton, 469 So.2d 735 (Fla. 1985).
This court held in State v. Heddon, 840 So.2d 439 (Fla. 5th DCA 2003), that the state cannot appeal a modification of probation, because it is not a "sentence." See also State v. Bell, 854 So.2d 686 (Fla. 5th DCA 2003), rev. denied, 866 So.2d 1212 (Fla.2004); State v. Gray, 721 So.2d 370 (Fla. 4th DCA 1998); State v. Blackman, 488 So.2d 644 (Fla. 2d DCA 1986).
The state argues that State v. Santomaso, 764 So.2d 735 (Fla. 2d DCA 2000), is authority for accepting this cause as an appeal from an illegal sentence. That case involved an original sentencing proceeding in which the trial judge placed the defendant on three years probation and withheld adjudication, which under the guidelines, constituted a downward departure. The second district reversed, after finding the reasons given for the downward departure were not supported by competent, substantial evidence. In that case, the placement of the defendant on probation *945 initially violated the Criminal Punishment Code.
In this case, Watson was legally placed on probation originally. Whether to modify or continue probation after a violation is a matter our statutes and rules leave up to the discretion of the judge who conducts the violation proceeding. If revoked, appellate courts give the judge's ruling great deference,[5] under the long-standing mantra that probation is a matter of "grace." And, if the judge chooses to exercise that discretion and grace, by extending or modifying probation following a violation, appellate courts do not have appellate jurisdiction via appeal to review those decisions.
Supporting that principle, Florida Rule of Criminal Procedure 3.790(a) provides that the imposition of a sentence of imprisonment shall not be made on a defendant placed on probation, even if the defendant is adjudicated guilty. Because the trial court in this case did not revoke Watson's probation, we conclude she was not "sentenced" for purposes of providing grounds for an appeal by the state.
Alternatively, the state argues this court should accept certiorari review of the probation modification order. We reject the concept that certiorari is available to review such orders[6] although it may be appropriate for review of some non-final orders, for which the state is not statutorily provided with an express right to appeal.[7]
We also disagree with the state that a departure from the essential requirements of law has occurred, because we agree with the trial judge that under Florida's present statutes and rules, the sentencing guidelines do not apply to orders modifying or extending probation orders. Trial courts have discretion to render such orders pursuant to section 948.06, Florida Statutes, uncompromised by the sentencing guidelines.
Petition for Writ of Certiorari DENIED.
PETERSON and ORFINGER, JJ., concur.
NOTES
[1] Fla. R.App. P. 9.140(c)(3).
[2] Fla. R.App. P. 9.140(c)(3).
[3] § 924.07(1)(e), Fla. Stat. (2005).
[4] § 924.07(1)(i), Fla. Stat. (2005).
[5] See Saidi v. State, 845 So.2d 1022 (Fla. 5th DCA 2003) (probation is a matter of grace and is subject to exercise of trial court's discretion).
[6] See State v. Blackman, 488 So.2d 644 (Fla. 2d DCA 1986).
[7] See, e.g., Richardson v. State, 706 So.2d 1349 (Fla.1998); State v. Pettis, 520 So.2d 250 (Fla.1988); State v. Gerry, 855 So.2d 157 (Fla. 5th DCA 2003).