933 So.2d 570 (2006)
Michael EDDIE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-4093.
District Court of Appeal of Florida, First District.
May 22, 2006.
Rehearing Denied July 13, 2006.
*571 Nancy A. Daniels, Public Defender, and Richard M. Summa, Assistant Public Defender, Tallahassee, Attorneys for Appellant.
Charlie Crist, Attorney General, and Sheron Wells, Assistant Attorney General, Tallahassee, Attorneys for Appellee.
PER CURIAM.
This is an appeal from the trial court's order revoking Appellant's probation. Appellant argues that the trial court lacked jurisdiction to revoke his probation. Because we find that the trial court did lack jurisdiction, we must reverse.
Appellant was originally sentenced to 76 months' imprisonment followed by 5 years of sex offender probation. Upon his release to probation, Appellant filed a motion seeking to extend his probationary term by two years in exchange for the State voluntarily dismissing civil commitment proceedings against him. The trial court granted the motion and extended Appellant's probation from March 5, 2005, until March 5, 2007.
On May 9, 2005, an affidavit of violation of probation was filed against Appellant. After a hearing, the trial court found that Appellant had willfully and substantially violated his probation. The trial court revoked Appellant's probation and sentenced him to 101 months' imprisonment. Appellant now argues that the trial court lacked subject matter jurisdiction to revoke his probation because it was error to extend his probation by two years. Because this is a question of fundamental error, it may be addressed for the first time on appeal. Oglesby v. State, 911 So.2d 1288 (Fla. 1st DCA 2005).
Before probation may be enhanced, either by extension of the period or by addition of terms, a violation of probation must be formally charged and the probationer must be brought before the court and advised of the charge, following the procedures of section 948.06, Florida Statutes (1993). Clark v. State, 579 So.2d 109, 110-11 (Fla.1991); Mundorff v. State, 890 So.2d 1234 (Fla. 1st DCA 2005); Martin v. State, 691 So.2d 1204, 1205 (Fla. 4th DCA 1997); Delancey v. State, 653 So.2d 1062, 1064 (Fla. 4th DCA 1995). In this case, Appellant was never charged with a violation of probation before his probationary term was extended; thus, the trial court was without subject matter jurisdiction to enter the order of modification. Mundorff, 890 So.2d at 1236; see also Woods v. State, 879 So.2d 651, 654 *572 (Fla. 5th DCA 2004) (holding that lack of jurisdiction may not be cured by consent).
Because the modification order was entered in error, Appellant's probationary term expired on March 5, 2005. The affidavit of violation of probation was not filed until May 2005, two months after expiration of Appellant's probationary term. Thus, the trial court lacked jurisdiction to revoke Appellant's probation and sentence him to a term of imprisonment. Morgan v. State, 757 So.2d 618, 619 (Fla. 2d DCA 2000).
Accordingly, the order modifying Appellant's probation and the judgment and sentence of violation of probation are VACATED and Appellant is to be discharged. All other issues raised on appeal are AFFIRMED.
BARFIELD, BROWNING and THOMAS, JJ., concur.