KAHN, J.
 

 Chico Cheeves appeals an order revoking his probation. He raises two issues on appeal: 1) whether the trial court abused its discretion in finding Cheeves had willfully, substantially violated a special condition of probation by being terminated from his psycho-sexual therapy treatment pro
 
 *682
 
 gram, and 2) whether the trial judge committed fundamental error at the violation of probation (VOP) hearing by departing from the role of neutral fact-finder. We affirm the revocation order.
 

 On the first issue, Cheeves contends that because the probation order did not specify a deadline for him to complete the treatment program or designate the number of attempts he would be given to complete it, and sufficient time remains in his probationary period for him to complete the treatment program, his probation should be reinstated. Additionally, Cheeves emphasizes the things he did to comply with the requirements of the treatment program.
 

 We review the revocation order to determine whether competent substantial evidence supports the finding that Cheeves willfully, substantially violated the special condition.
 
 See Van Wagner v. State,
 
 677 So.2d 314, 316 (Fla. 1st DCA 1996). Cheeves misconstrues the proper role of the appellate court by relying on other evidence purportedly showing that 17 months elapsed between his enrollment and termination from the program, that he attended sessions and participated, and that he took the required tests. Where, as in this case, the credibility or weight of the evidence is the issue and the evidentiary record supports the factual finding of a willful, substantial violation of special condition 14, the presence of other evidence that might have supported a contrary result is not relevant to our review.
 
 See Stinson v. Winn,
 
 938 So.2d 554, 555 (Fla. 1st DCA 2006);
 
 Richardson v. Fla. Parole Comm’n,
 
 924 So.2d 908, 911 (Fla. 1st DCA 2006).
 

 With regard to Cheeves’ contention he still had time to complete the program, the Supreme Court of Florida has stated:
 

 [E]ven where a probation order does not specify a deadline for completing a sex offender program or how many attempts the probationer has to complete it, where a defendant enrolls in but fails to complete a sex offender treatment program, a trial court may, in its discretion and depending on the circumstances, revoke the defendant’s probation.
 

 Adams v. State,
 
 979 So.2d 921, 922 (Fla.2008);
 
 see Lawson v. State,
 
 969 So.2d 222, 225 (Fla.2007). The circumstances accepted by the trial court indicate that Cheeves denied full accountability for the crime that resulted in his being subject to special condition 14. His therapist described Cheeves as disruptive, intransigent, manipulative, and deceptive in the treatment program. Accordingly, we find no abuse of discretion in the decision to revoke Cheeves’ probation.
 
 See also Arias v. State,
 
 751 So.2d 184 (Fla. 3d DCA 2000);
 
 Archer v. State,
 
 604 So.2d 561, 562 (Fla. 1st DCA 1992) (concluding that a probationer subject to a negotiated special condition to undergo a psycho-sexual evaluation and complete all recommended treatment, who refused to comply with the prerequisite to acknowledge he had difficulty controlling his sexual impulses thus willfully and substantially violated a condition of probation upon being expelled from the program).
 

 To the extent that some older district court of appeal decisions applied a bright-line rule that a trial court can never find a willful, substantial VOP where the probationer is expelled from a required treatment program, the probation order fails to specify how many opportunities must be allowed to complete the requirement or when the probationer has to complete it, and time remains in the period of probation,
 
 Lawson
 
 appears to have overruled them.
 
 See Lawson,
 
 969 So.2d at 232-35. Because a probationer avoids prison as “a matter of grace rather than right,” the trial court’s finding a basis for revocation is entitled to great deference.
 
 Lawson,
 
 969 So.2d at 229;
 
 see also State v. Watson,
 
 909 So.2d 942, 945 (Fla. 5th DCA 2005).
 
 *683
 
 We find no abuse of the broad discretion accorded the trial court in deciding whether to revoke probation.
 
 See Lawson,
 
 969 So.2d at 235.
 

 As to the second issue, given the failure to make a contemporaneous objection to any of the trial judge’s comments now challenged on appeal, Cheeves must show fundamental error arising from these remarks.
 
 See Sparks v. State,
 
 740 So.2d 33, 36 (Fla. 1st DCA 1999). We conclude the record refutes Cheeves’ contention that the trial judge improperly bolstered a state witness’ testimony or departed from the role of a neutral fact-finder in deciding whether a YOP occurred. Fundamental error is a strict standard designed to correct the kind of harmful error that goes to the validity of the proceeding itself, to the extent that a determination of guilt could not have been made without the error.
 
 See Reed v. State,
 
 837 So.2d 366, 369-70 (Fla.2002);
 
 State v. Delva,
 
 575 So.2d 643, 644-45 (Fla.1991).
 

 AFFIRMED.
 

 LEWIS and WETHERELL, JJ„ concur.