VILLANTI, Judge.
Suliany Ivette Gareia-Medina appeals the revocation of her probation and the resulting adjudication of guilt and prison sentence, contending that her probation expired before the violation affidavit was filed and that therefore the trial court was without jurisdiction to revoke her probation. Because the record bears out this contention, we must vacate the order of modification and the resulting revocation order, adjudication of guilt, and sentence.
On July 23, 2009, Gareia-Medina pleaded guilty to one count of third-degree grand theft. The trial court withheld adjudication and sentenced Gareia-Medina to eighteen months’ probation. As imposed, the probationary sentence was set to expire on January 23, 2011.
On November 2, 2010, the trial court entered an order that purported to modify Garcia-Medina’s probationary sentence from a term of eighteen months to a term of five years. While this modification order states that it was entered “due to a violation brought before the court,” no affidavit of violation of probation was filed before the modification order was entered, no warrant for arrest or notice to appear was served on Gareia-Medina, and no hearing on the alleged violation was held. Moreover, while the modification order contains a section in which the probation officer is to certify that the order was delivered to the probationer, that section is blank. Hence, nothing in the record establishes that the modification order was ever served on or otherwise provided to Gareia-Medina.[1]
On December 14, 2011, the Department of Corrections filed an affidavit of violation of probation alleging that Gareia-Medina had violated her probation by using marijuana and by failing to make the required payments toward her restitution. Gareia-Medina admitted to the alleged violations, and the trial court revoked her probation, adjudicated her guilty, and sentenced her to one year and one day in prison with credit for time served.
Gareia-Medina now appeals the revocation of her probation, the adjudication of guilt, and the resulting sentence, contending that the trial court was without jurisdiction over her when it purported to revoke her probation. She argues that the November 2010 modification order was a nullity because the trial court did not follow the procedures required by section 948.06, Florida Statutes (2010), before it purported to modify her probation; that because the November 2010 modification order is a nullity, her probation ended by its own terms on January 23, 2011; and that because the affidavit of violation of probation at issue here was filed after January 23, 2011, the trial court lacked jurisdiction to revoke her probation. The record supports these arguments, thus *1121 mandating that we vacate the challenged orders, judgment, and sentence.
The supreme court addressed a somewhat analogous situation in Lippman v. State, 683 So.2d 1061 (Fla.1994). There, the Department of Corrections filed an affidavit of violation of probation alleging that Lippman violated three conditions of his probation. Id. at 1062-63. The trial court found that the allegations did not relate to valid conditions of Lippman’s probation, and it refused to find Lippman in violation. Id. at 1063. At that point, the State made an oral motion to modify Lipp-man’s probation to “clarify” the conditions of his probation. Id. The trial court granted this oral motion and modified certain conditions of Lippman’s probation in such a way that Lippman was forced to leave his employment, move from his residence, and have no contact with his siblings. Id. Lippman’s modified probation was subsequently revoked after he had contact with his siblings, and he was sentenced to twelve years in prison. Id. In finding that the modification of the conditions of Lipp-man’s probation was unauthorized, the supreme court explained:
Both the United States Constitution and the Florida Constitution guarantee that no individual will be put in jeopardy more than once for the same offense. The guarantee against double jeopardy consists of three separate constitutional protections: “It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.” North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted) (emphasis added).
It is the third protection against multiple punishments for the same offense that is implicated in this case. Probation is a sentence in Florida. Larson v. State, 572 So.2d 1368, 1370 (Fla.1991). Thus, the double jeopardy protection against multiple punishments includes the protection against enhancements or extensions of the conditions of probation. See Williams v. State, 578 So.2d 846 (Fla. 4th DCA 1991) (finding that extension of probationary period at subsequent restitution hearing when sentence already imposed at earlier sentencing hearing violated double jeopardy).
Section 948.06, Florida Statutes (1987), “provides the sole means by which the court may place additional terms on a previously entered order of probation or community control.” Clark v. State, 579 So.2d 109, 110 (Fla.1991). Before probation may be enhanced, a violation of probation must be formally charged and the probationer must be brought before the court and advised of the charge. Id. at 110-11; § 948.06(1), Fla. Stat. (1987). Absent proof of a violation, the court cannot change an order of probation by enhancing the terms. Clark, 579 So.2d at 110-11. In the instant case, the court specifically found no violation of probation, yet proceeded to enhance the terms of Lipp-man’s probation. This violated the double jeopardy prohibition against multiple punishments for the same offense. Thus, the order modifying probation must be vacated. The consequences that resulted from Lippman’s violation of that modified probation must be vacated as well, including the order revoking probation, the adjudication of guilt, and the sentence imposed.
Lippman, 633 So.2d at 1064 (emphasis added; footnotes omitted). The Lippman court relied on Clark v. State, 579 So.2d 109, 110-11 (Fla.1991), which held, in pertinent part:
Before probation or community control may be enhanced, either by extension of *1122 the period or by addition of terms, a violation of probation or community control must be formally charged and the probationer must be brought before the court and advised of the charge following the procedures of section 948.06. Absent proof of a violation, the court cannot change an order of probation or community control by enhancing the terms thereof, even if the defendant has agreed in writing with his probation officer to allow such a modification and has waived notice and hearing.
See also Nichols v. State, 672 So.2d 825, 825 (Fla. 2d DCA 1995) (“Absent proof of a violation of probation, a trial court cannot modify an order of probation by enhancing its terms.”); Eddie v. State, 933 So.2d 570, 571 (Fla. 1st DCA 2006) (“Before probation may be enhanced, either by extension of the period or by addition of terms, a violation of probation must be formally charged and the probationer must be brought before the court and advised of the charge, following the procedures of section 948.06, Florida Statutes (1993).”); Frederick v. State, 405 So.2d 1344, 1345 (Fla. 3d DCA 1981) (holding that the trial court’s sua sponte order that purported to modify the defendant’s probation violated double jeopardy and was also an unauthorized extension under section 948.06). This is true even if the trial court has specifically reserved jurisdiction for the purpose of adding a special condition, see Dennis v. State, 630 So.2d 605 (Fla. 1st DCA 1993), or if the defendant “has agreed in writing with his probation officer to allow such a modification and has waived notice and hearing,” Clark, 579 So.2d at 111.
Here, the record plainly shows that the trial court enhanced Garcia-Medina’s probationary term from eighteen months to five years, but nothing in the record shows that the trial court complied with the requirements of section 948.06 in doing so. Section 948.06(l)(b) requires that the Department of Corrections file an affidavit of violation and serve the probationer with either a warrant or a notice to appear. However, no affidavit of violation is in the record, and the record does not show that Garcia-Medina was served with either a warrant or a notice to appear. Moreover, there is no record of any hearing of any kind taking place before the modification order was rendered.
There is some indication in the record that the Department of Corrections may have submitted a “notification letter” of a “technical violation ... in lieu of a violation report” as permitted by section 948.06(l)(e).[2] While no such notification letter appears in the record, even if we assume that one was properly submitted to the court, section 948.06(2) still requires that the trial court hold a hearing before any violation may be found and before any modification to the terms of probation may be made. While a trial judge who receives a notification letter of a technical violation may have various options available for dealing with that notification letter, bypassing the notification and hearing requirements of section 948.06 is not one of those options if the court intends to modify any of the terms of probation. Hence, because the trial court did not comply with the requirements of section 948.06 before it purported to modify Garcia-Medina’s probation, the November 2010 modification order is a nullity. And because the revocation order and judgment and sentence under review rely on the invalid November 2010 modification order to find a violation of probation, the revocation order and the resulting adjudication and sentence must be vacated.
*1123 In this appeal, the State contends that Gareia-Medina waived this issue when she failed to appeal the November 2010 modification order. We reject this argument for two reasons. First, the record does not show — and the State does not argue — that either Gareia-Medina or her attorney was ever served with the order of modification or had any knowledge that an appealable order had been rendered. Waiver is the relinquishment of a known right. See Blanton v. State, 978 So.2d 149, 155 (Fla.2008). Absent some evidence of knowledge of the rendered modification order, we will not find a waiver.
Second, as the supreme court stated in Lippman, “[t]he prohibition against double jeopardy is ‘fundamental.’ ” 633 So.2d at 1064 (quoting Benton v. Maryland, 395 U.S. 784, 795-96, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)). Thus, the failure to raise a double jeopardy claim in a direct appeal from the modification order does not waive that claim. Id. (citing State v. Johnson, 483 So.2d 420, 423 (Fla.1986)). Florida courts regularly vacate revocation orders based on void modification orders without reference to whether or not a direct appeal was taken from the original modification order. Cf. Clark, 579 So.2d at 111 (vacating an order revoking community control, the adjudication of guilt, and the resulting sentence and ordering that a prior modification order be vacated because the trial court had not followed the requirements of section 948.06 when modifying Clark’s probation and thus had no jurisdiction to subsequently revoke it); Dennis, 630 So.2d at 605 (vacating a revocation of probation that was based on an earlier modification order when the modification order was entered in violation of section 948.06). Moreover, the trial court’s lack of jurisdiction over a probationer is not a defect that can be waived. See Eddie, 933 So.2d at 571. Therefore, contrary to the State’s assertions, Gareia-Medina has not waived this argument or her entitlement to relief.
Accordingly, we vacate the November 2010 order purporting to modify Garcia-Medina’s probation which was entered without jurisdiction and in violation of the requirements of section 948.06. On remand, the consequences stemming from the vacated modification order — including the order of revocation of probation, the adjudication of guilt, and the sentence of imprisonment — must also be vacated.
Vacated and remanded with instructions.
ALTENBERND and KHOUZAM, JJ„ Concur.

. The modification order is unusual in another respect as well. The substantive portion of the order states: “Modify Probation to Include: Put on job search, if no job in 60 days we need to bring her into court and send her to PRC in Orlando. Also extend to full 5 years to pay Restitution." (Emphasis added.) The emphasized language, together with the lack of the paperwork usually generated as a result of a violation of probation, leads us to suspect that the modification order was actually prepared by the probation officer and submitted ex parte to the trial court. Such a procedure — if this is, in fact, what occurred — raises a wealth of due process concerns.

. Section 948.06 was substantially revised in 2011. See Ch.2011-38, § 2, at 511-12, Laws of Fla. This provision now appears in section 948.06(l)(g), Florida Statutes (2012).