IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RANDOLPH ALEX
LAWHORN,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellant,

v.

CASE NO. 1D13-2411

STATE OF FLORIDA,

Appellee.

_____/

Opinion filed September 2, 2014.

An appeal from the Circuit Court for Alachua County.
David A. Glant, Judge.

Nancy A. Daniels, Public Defender, and Richard M. Bracey, III, Assistant Public
Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael McDermott, Assistant Attorney
General, Tallahassee, for Appellee.

VAN NORTWICK, J.

Randolph Alex Lawhorn challenges the revocation of his community

control. Because the record contains no evidence that Lawhorn willingly violated

a substantial condition, we reverse.

An affidavit of violation averred that Lawhorn violated a single condition of his community control by being "away from his approved residence . . . without prior approval of the [community control] officer. . . ." At the subsequent hearing, the community control officer testified that she arrived at Lawhorn's residence on December 13, 2012, at 2:34 p.m. Lawhorn was not at home. Someone at the residence, the officer did not know her identity, advised that Lawhorn had gone to the store. The officer testified that Lawhorn did have permission to be away from the residence at this time to walk his child home from school; she added that Lawhorn had permission to go the store at a later point in the day. The officer drove away from the residence on the road Lawhorn would have walked from school. She did not see him. She did not go to the store, nor did she go to the school to confirm he was not there. The community control officer was the only witness called, and she closed her testimony by stating that she never said the violation was "willful."

At the conclusion of the hearing, the trial court announced:

> I'm going to find that there was a violation in this case. But I'm not going to find that it was substantial in this case, only because of the information provided by [the community control officer] during her testimony. . . . Now, I am finding you in violation here but I'm not going to find it to be a substantial one. Therefore, I'm going to simply reinstate you to the same terms and conditions of community control.

2

While "[t]he trial court is vested with broad discretion to determine whether a probationer has violated a condition of probation," Williamson v. State, 43 So. 3d 843, 845 (Fla. 1st DCA 2010), "[t]o establish a violation of probation, the prosecution must prove by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation." Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996) (citing Salzano v. State, 664 So. 2d 23 (Fla. 2d DCA 1995); Thorpe v. State, 642 So. 2d 629, 629 (Fla. 1st DCA 1994)); see also Lindsay v. State, 54 So. 3d 638 (Fla. 1st DCA 2011). Because the only evidence failed to establish that any violation was willful and the trial court did not find the lone violation to be substantial, the revocation must be reversed.

REVERSED.

ROBERTS, AND CLARK, JJ., CONCUR.