DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**WALFORD FOLKES,**
Appellee.

Nos. 4D13-2027, 4D13-2076 & 4D13-2216

[September 16, 2015]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia G. Imperato, Judge; L.T. Case Nos. 11-018332 CF10A, 11-008174 CF10A and 12-12280 CF10A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Narine N. Austin, Assistant Public Defender, West Palm Beach, for appellee.

STEVENSON, J.

Defendant admitted violating conditions of his community control in three separate cases. Rather than revoke community control and sentence defendant to prison, the trial court elected to continue community control but modify the conditions. The State has appealed the disposition, insisting the statutes governing a "violent felony offender of special concern" do not allow continuation of defendant's community control absent certain factual findings which were not made here. We are compelled to dismiss the instant appeal.

"'The State's right to appeal in a criminal case must be 'expressly conferred by statute.'"" *State v. Maddex*, 159 So. 3d 267, 269 (Fla. 4th DCA 2015) (quoting *Exposito v. State*, 891 So. 2d 525, 527 (Fla. 2004)). Section 924.07, Florida Statutes, permits the State to appeal an illegal sentence and a sentence that is below the lowest permissible sentence as established by the Criminal Punishment Code. *See* § 924.07(1)(e), (i), Fla. Stat. (2014). An order reinstating, continuing, or modifying a defendant's probation or community control, entered following a violation of the terms,

is not, however, a "sentence" within the meaning of the statute. *See State v. Bell*, 854 So. 2d 686, 689–90 (Fla. 5th DCA 2003) (citing section 948.06(1), Florida Statutes, which speaks in terms of trial court imposing a sentence only if it revoked probation or community control, and holding that "if the court chooses to modify or continue the original probation or community control, it may do so and the state cannot appeal such action"); *see also State v. Heddon*, 840 So. 2d 439, 440 (Fla. 5th DCA 2003) ("It is well settled that the State may not appeal an order modifying community control because a modification of community control does not constitute a sentence."); *State v. Gray*, 721 So. 2d 370, 370–71 (Fla. 4th DCA 1998) (dismissing State's appeal from order modifying, rather than revoking, defendant's community control and reasoning that court does not "sentence" a defendant when it modifies probation or community control).[1] Further, in a somewhat related context, our Supreme Court has held that a trial court's "procedural error" in failing to conduct a statutorily-required hearing does not render a sentence illegal. *See State v. McMahon*, 94 So. 3d 468, 477 (Fla. 2012) (holding that trial court's failure to conduct a hearing on defendant's habitual felony offender (HFO) status, despite the State's objection, does not render the sentence illegal). Similarly, we find that the trial court's "procedural error" in the instant case of continuing defendant's community control sans factual findings, even if it was a sentence, was not "illegal."

Certiorari review of an order simply modifying probation or community control is also not available to the State. *LaFave v. State*, 149 So. 3d 662 (Fla. 2014), makes it clear that the State has no right to seek certiorari review of a final order from which it has no right of direct appeal. *Id.* at 670 (stating "a final order . . . is not reviewable by common law certiorari where there is no statutory right to appeal" and holding that the State could not obtain certiorari review of an order granting defendant's motion for early termination of probation where such early termination violated plea agreement). While *LaFave* allowed for possible resort to certiorari to review non-final orders, the order challenged by the State is not such an order. Having opted to continue and modify defendant's community control in the wake of defendant's violation, rather than impose a prison sentence, the trial court was not free to alter its judgment so as to enhance the punishment. *See State v. Watson*, 909 So. 2d 942, 945 n.6 (Fla. 5th DCA 2005) (holding certiorari not available to permit State to challenge order modifying, rather than revoking, probation following a violation

---

[1] We recognize that, in other contexts, "probation is considered a sentence in those instances when drawing a distinction between the two concepts will result in a more severe punishment." *Landeverde v. State*, 769 So. 2d 457, 463 n.3 (Fla. 4th DCA 2000).

(citing *State v. Blackman*, 488 So. 2d 644 (Fla. 2d DCA 1986))); *cf. Garcia-Medina v. State*, 135 So. 3d 1119, 1121 (Fla. 2d DCA 2013) ("Absent proof of a violation, the court cannot change an order of probation by enhancing the terms."); *Grosso v. State*, 2 So. 3d 362, 364 (Fla. 4th DCA 2008) (recognizing trial court lacks jurisdiction to modify conditions of probation after expiration of sixty-day period in rule 3.800(c), which allows court to "reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it"); *Jones v. State*, 760 So. 2d 994 (Fla. 2d DCA 2000) (holding rule 3.800(c) does not authorize trial court to increase the sentence).

Accordingly, the instant appeal is dismissed.

*Dismissed.*

GERBER and CONNER, JJ., concur.

*   *   *

**Not final until disposition of timely filed motion for rehearing.**