# Third District Court of Appeal

## State of Florida

Opinion filed March 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D23-0909, 3D23-0910
Lower Tribunal Nos. F09-1637, F09-1638A

_____


**The State of Florida,**
Appellant,

vs.

**Antwan McKinney,**
Appellee.


Appeals from the Circuit Court for Miami-Dade County, Ariel Rodriguez, Judge.

James Uthmeier, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Maria E. Lauredo, Chief Assistant Public Defender, for appellee.


Before EMAS, LINDSEY and BOKOR, JJ.

LINDSEY, J.

Appellant the State of Florida appeals the trial court's orders modifying Appellee Antwan McKinney's probation in two cases.[1]  Because the State is not authorized by law to appeal orders modifying probation, we are compelled to dismiss this appeal for lack of jurisdiction.

In 2010, McKinney pled guilty to several felony offenses in two cases and was sentenced to fifteen years of incarceration followed by ten years on probation.  In October 2022, the State filed Amended Affidavits of Violation of Probation in each case.  In May 2023, the trial court held a plea colloquy with McKinney in which he admitted the violations.  The court modified and reinstated his probation with jail credit for time served.  The State objected, arguing the trial court erred by failing to hold a hearing on whether McKinney poses a danger to the community and by failing to impose a mandatory minimum sentence the State had waived at the initial sentencing.[2]  It now raises these two issues on appeal.

---

[1] The State filed notices of appeal in both cases.  We have consolidated the two appeals for all purposes.

[2] The hearing on whether a probationer poses a danger to the community is mandated by section 948.06(8), Florida Statutes, a provision originally enacted as part of the Anti-Murder Act in 2007.  The Act defines certain probationers as Violent Felony Offenders of Special Concern.  McKinney qualifies as a "VFOSC" because one of his underlying convictions was for robbery.  See § 948.06(8)(b)(1) & 948.06(8)(c)(6).  The legislature may have intended that a trial court's failure to comply with the procedural requirements of this statute would be corrected by the appellate courts, and under some circumstances it can be.  See, e.g., State v. Rincon, 273 So. 3d 1101 (Fla. 3d DCA 2019) (reversing a trial court's dismissal of a violation of probation

Section 924.07, Florida Statutes (2024), "is the only basis upon which the State may appeal as a matter of right and . . . appeals can be taken only in the express categories contained in section 924.07." State v. MacLeod, 600 So. 2d 1096, 1098 (Fla. 1992). "Statutes such as section 924.07 'which afford the government the right to appeal in criminal cases should be construed narrowly.'" State v. McMahon, 94 So. 3d 468, 472 (Fla. 2012) (quoting Exposito v. State, 891 So. 2d 525, 528 (Fla. 2004)). "[I]n giving effect to the unambiguous text of a statute, courts may not extend, modify, or limit the statute's express terms or its reasonable or obvious implications because '[t]o do so would be an abrogation of legislative power.'" Id. at 472-73 (quoting Hill v. Davis, 70 So. 3d 572, 575 (Fla. 2011)).

The Florida Legislature has authorized the State to appeal orders dismissing an affidavit charging a violation of probation. § 924.07(1)(a); see also State v. Gutierrez, 333 So. 3d 806 (Fla. 3d DCA 2022). The State is also authorized to appeal probation imposed at an initial sentencing following

due to noncompliance with section 948.06(8)). This is not one of those circumstances because the trial court here modified McKinney's probation rather than revoking it or dismissing the affidavit of violation. Thus, its order functionally evades appellate review due to the limitations imposed in section 924.07, Florida Statutes. As explained herein, the plain language of this jurisdictional statute provides no avenue for appeal of an order modifying probation. And "it is not the prerogative of the courts to rewrite a statute to overcome its shortcomings." Westphal v. City of St. Petersburg, 194 So. 3d 311, 321 (Fla. 2016).

3

conviction.  See State v. McGraw, 474 So. 2d 289, 291 (Fla. 3d DCA 1985) (holding that the State is authorized to appeal "a dispositive order upon conviction, which includes probation" as an illegal sentence pursuant to section 924.07).

By contrast, § 924.07 does not authorize appeals of orders modifying probation.  See State v. Folkes, 190 So. 3d 118, 119 (Fla. 4th DCA 2015) ("An order reinstating, continuing, or modifying a defendant's probation or community control, entered following a violation of the terms, is not, however, a 'sentence' within the meaning of [§ 924.07].")); State v. Watson, 909 So. 2d 942, 944 (Fla. 5th DCA 2005) ("[T]here is no provision authorizing the state to appeal an order modifying probation."); State v. Blackman, 488 So. 2d 644, 644 (Fla. 2d DCA 1986) ("While Florida Rule of Appellate Procedure 9.140(b)(1)(C) permits *a defendant* to appeal an order revoking or modifying probation, neither the rules nor the Florida statutes afford the state a similar right of appeal."); State v. Bell, 854 So. 2d 686, 690 (Fla. 5th DCA 2003), rev. denied, 866 So. 2d 1212 (Fla. 2004) ("[I]f the court chooses to modify or continue the original probation or community control, it may do so and the state cannot appeal such action."); see also Philip J. Padovano, 2 Fla. Prac., Appellate Practice § 27:34 n.10 (2024 ed.) ("[W]hen the court merely modifies but does not revoke probation or community control, the state has no right to appeal such an order because it does not constitute a sentence.").

4

Accordingly, because § 924.07 does not authorize the State to appeal orders modifying probation, we dismiss.[3]

Dismissed.

---

[3] We are also unable to treat the State's appeal as a petition for writ of certiorari. See State v. Richard, 197 So. 3d 1097, 1099 (Fla. 3d DCA 2016) ("[T]he State may not seek certiorari review of a final order where there is no existing statutory right to appeal.").