# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0793
Lower Tribunal Nos. 2022-CJ-002003, 2023-CJ-000079, and 2023-CJ-000353

_____

T.A.F.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
William D. Sites, Judge.

March 13, 2026

BROWNLEE, J.

T.A.F., a minor, appeals an order revoking her probation in three separate cases. She argues the trial court lacked subject matter jurisdiction to revoke probation in one of the cases because her probationary term had already expired. Because we find the trial court retained jurisdiction over T.A.F. until her nineteenth birthday, we disagree and affirm.

The State originally charged T.A.F. with possession of cannabis in case 53-2022-CJ-002003 (the "Possession Case") and domestic battery in case 53-2023-CJ-

000079 (the "Battery Case"). T.A.F. pled no contest in both cases, and the court withheld adjudication and sentenced her to one year of probation in the Possession Case, followed by a year of probation in the Battery Case. Thus, T.A.F.'s probation in the Battery Case was to run consecutively to her probation in the Possession Case. T.A.F.'s probationary term in the Possession Case began on February 1, 2023.

Shortly thereafter, the State filed its first affidavit of violation of probation, along with a new law violation, which alleged T.A.F. tampered with her electronic monitoring device. T.A.F. pled guilty to the tampering charge and admitted the probation violation. The trial court sentenced her to five years' probation, to run concurrently with the possession and battery probations. As to the Possession and Battery Cases, the court wrote: "restore to probation for the balance of jurisdiction."

Over the following year, the State filed two more affidavits, alleging violations of probation in all three cases. Both times, T.A.F. admitted to violating probation, and the court withheld adjudication and restored probation "for the balance of jurisdiction."

Finally, on March 7, 2024, the State filed its fourth affidavit, again alleging violations in all three cases. After T.A.F. admitted to the violations, the trial court revoked her probation in all three cases, adjudicated her delinquent, and committed T.A.F. to a non-secure residential facility for an indeterminate period, but not past her twenty-first birthday.

T.A.F. now appeals that order, but only to the extent it applies to the Possession Case. She argues the trial court lacked subject matter jurisdiction to revoke her probation in that case because the year-long term had already expired. T.A.F. acknowledges she did not raise this issue below but contends the error is fundamental.

The State counters that T.A.F. violated her probation within one year of the trial court sentencing her in the Possession Case, and, as a result, the trial court sentenced her to probation "for the balance of jurisdiction." The State argues that, in doing so, the trial court *extended* T.A.F.'s term of probation.

At the outset, we note T.A.F. is correct that a trial court lacks jurisdiction to conduct violation of probation proceedings after a juvenile's probationary term expires. *See* § 985.439(1)(a), Fla. Stat. (2023); *see also K.L.T. v. State*, 65 So. 3d 102, 103 (Fla. 5th DCA 2011) ("[T]he trial court had no jurisdiction to conduct a violation of probation hearing after Petitioner's probationary term had expired . . . ."). Nonetheless, we disagree that T.A.F.'s probationary term expired before the trial court finally revoked her probation in the Possession Case.

In so finding, we are guided by the language of section 985.0301, Florida Statutes, which governs jurisdiction over juveniles who commit a delinquent act or violation of law. That section provides that "the court shall retain jurisdiction to

3

dispose of a case, unless relinquished by its order, until the child reaches 19 years of age[.]" § 985.0301(5)(a), Fla. Stat. (2023).

After T.A.F. first admitted to violating her probation in the Possession Case, the trial court did not simply restore her probation for the balance of the year, or until February 1, 2024, or reinstate her probation. Rather, it restored her probation "for the balance of jurisdiction." Section 985.0301(5)(a) is clear that jurisdiction terminates when T.A.F. turns nineteen, or until the court terminates her probation by order.[1] Thus, the "balance of jurisdiction" is the time remaining until T.A.F. turns nineteen.

Accordingly, the State is correct that the trial court extended T.A.F.'s probation to her nineteenth birthday when it withheld adjudication and "restored probation for the balance of jurisdiction." Indeed, the trial court was authorized to do just that. *See Gonzalez-Ramos v. State*, 46 So. 3d 67, 69 (Fla. 5th DCA 2010) ("The trial court could have appropriately extended Defendant's term of probation each time he was found in violation." (citing *Eddie v. State*, 933 So. 2d 570 (Fla. 1st DCA 2006) (holding that probation may be enhanced, either by extension of the period or by addition of terms))); *see also* § 985.439(4) ("Upon the child's admission . . . the court shall enter an order revoking, modifying, or continuing probation. In

_____

[1] There is no allegation here that T.A.F. turned nineteen before the trial court revoked her probation or that the trial court previously entered an order terminating her probation.

4

each such case, the court shall enter a new disposition order and . . . may impose any sanction the court could have imposed at the original disposition hearing.").

Because the trial court extended T.A.F.'s probation in the Possession Case when she violated her probation within the first year, the trial court retained jurisdiction to revoke that probation until T.A.F. turned nineteen. Finding no error in the judgment and sentence, let alone fundamental error, we affirm.

AFFIRMED.

SMITH and GANNAM, JJ., concur.

Blair Allen, Public Defender, and Matthew J. Salvia, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and J. Wade Stidham, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED