# Third District Court of Appeal

**State of Florida**

Opinion filed May 1, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1282
Lower Tribunal No. 16-10576
_____

**The State of Florida,**
Appellant,

vs.

**Daniel Rincon,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta and Alberto Milian, Judges.

Ashley Moody, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellee.

Before SCALES, LINDSEY and MILLER, JJ.

SCALES J.

The State of Florida appeals (i) the trial court's May 16, 2018 dismissal of an Affidavit of Violation of Probation, setting forth an alleged probation violation by appellee, the defendant below, Daniel Rincon; and (ii) the trial court's contemporaneous termination of Rincon's probation. The State maintains that the trial court neglected to abide by the procedural imperatives of section 948.06(8) of the Florida Statutes. We agree, reverse the order on appeal, and remand for further proceedings.

**Statement of the Case**

On June 24, 2016, Rincon pleaded guilty to Aggravated Battery on a Pregnant Victim and Strong-Arm Robbery (lower tribunal case number F16-9231). Rincon had struck his pregnant girlfriend and taken a piece of jewelry (with a value of under $100) from her. He received a sentence of four years of probation.[1] The offense of battering a pregnant woman qualified Rincon as a "violent felony offender of special concern," pursuant to section 948.06(8)(b)1. and (c)3.

On May 9, 2018, the Florida Department of Corrections filed an Affidavit of Violation of Probation, alleging that Rincon had violated his probation when the police arrested him on May 5, 2018, for driving with a suspended license. At first appearance on May 9th, the trial court ordered Rincon held without bond.

---

[1] On the same day, Rincon pleaded guilty to Possession of a Controlled Substance and Possession of Marijuana (lower tribunal case number F16-10576). He received a probation sentence of four years and one day. The trial court ordered that the probation sentences in F16-9231 and F16-10576 run concurrently.

Subsequently, the State and Rincon entered into plea negotiations, but never reached an agreement. The parties came before the trial court on May 16, 2018, for a plea hearing. At that point, Rincon had been in jail for eleven days.

At this hearing, the trial court learned the following information about Rincon: (i) this was Rincon's first probation violation in two years; (ii) Rincon had completed both a domestic violence intervention program and a drug evaluation program, and had completed a portion of a parenting course; (iii) the State's plea offer was thirty days in jail (including the time Rincon had served already), reinstatement of probation, and Rincon's admission to the underlying suspended license offense; (iv) the alleged probation violation made Rincon eligible for a prison term of between approximately three and thirty-five years; (v) the pregnant woman Rincon battered had given birth to their child and recently had given birth to the second of their children; and (vi) Rincon was employed and supporting his family.

The trial court responded to this information – *sua sponte* and over the State's objection – by dismissing the violation of probation and by terminating Rincon's probation "unsuccessfully."

**Analysis**

Because Rincon qualified as a "violent felony offender of special concern," the trial court was obligated to follow the procedures of section 948.06(8). While

3

section 948.06(2)(c) authorizes the trial court to dismiss a probation violation, section 948.06(8), by its express provisions, controls over section 948.06(2)(c). § 948.06(8)(a), Fla. Stat. (2018). Section 948.06(8)(d) provides:

> The court shall not dismiss the probation or community control violation warrant pending against an offender enumerated in this paragraph without holding a recorded violation-of-probation hearing at which both the state and the offender are represented.

§ 948.06(8)(d), Fla. Stat. (2018).

Subsection (8)(e) further provides that, if, after the trial court conducts this evidentiary hearing, the trial court determines the violent felony offender of special concern has violated probation,[2] the trial court must make a series of *written findings* as to whether the offender poses a danger to the community. § 948.06(8)(e)1., Fla. Stat. (2018); see Barber v. State, 207 So. 3d 379, 384 (Fla. 5th DCA 2016). If the trial court finds that the offender poses a danger to the community, then the trial court must revoke probation and sentence the offender to the statutory maximum or longer, if the law permits. § 948.06(8)(e)2.a., Fla Stat. (2018). If, however, the trial court finds that the offender does not pose a danger to the community, then the trial court "may revoke, modify or continue the probation." § 948.06(8)(e)2.b.

---

[2] If, at this evidentiary hearing, the trial court finds that the violent felony offender of special concern has not violated probation, the trial court presumably would dismiss the violation warrant. § 948.06(8)(d), Fla. Stat. (2018).

The trial court did not follow the procedural requirements of section 948.06(8)(d) and (e).[3] Whatever the trial court observed in Rincon's personal development during the previous two years required a deeper exploration in a formal hearing and the requisite written findings.[4]

Therefore, we reverse the order on appeal and remand for further proceedings to be conducted in accordance with section 948.06(8).

Reversed and remanded with instructions.

_____

[3] We express no opinion as to whether the parties in this case could have fashioned a plea agreement that would have pre-empted trial court compliance with the procedural dictates of section 948.06(8).

[4] We find no merit in Rincon's argument that the trial court's dismissal of his probation violation and termination of his probation occurred because the trial court participated in a plea negotiation.