# Third District Court of Appeal

## State of Florida

Opinion filed February 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-989
Lower Tribunal Nos. F19-7423, F19-1601
_____


**The State of Florida,**
Appellant,

vs.

**Ventura Gutierrez,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Carmen Cabarga, Judge.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Deborah Prager, Assistant Public Defender, for appellee.


Before EMAS, SCALES and HENDON, JJ.

EMAS, J.

The State appeals from the trial court's sua sponte order dismissing an affidavit of violation of probation. For the reasons that follow, we reverse and remand for further proceedings.

In 2019, Ventura Gutierrez was charged in two separate cases with a total of four counts: two counts of grand theft, one count of burglary, and one count of resisting an officer without violence. In August 2019, he pleaded nolo contendere to the charges and the trial court withheld adjudication and placed Gutierrez on two years' probation with special conditions.

In 2021, the State filed an affidavit of violation of probation, which was amended in March of 2021. The amended affidavit alleged Gutierrez violated his probation by failing to (1) pay the monthly cost of supervision; (2) pay restitution; (3) pay for drug testing fees; (4) complete a self-improvement CORRP program (Court Options Recidivism Reduction Program; and (5) comply with his reporting requirements while on probation. The affidavit also alleged that, because Gutierrez was convicted[1] of the offense of second-degree burglary of an occupied dwelling, he qualified as

---

[1] Although the trial court withheld adjudication of guilt when placing Gutierrez on probation for the second-degree burglary, this nevertheless qualified him as a violent felony offender of special concern. See § 948.06(8)(a), Fla. Stat. (2019) (providing: "For purposes of this subsection, the term 'convicted' means a determination of guilt which is the result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld.")

a "violent felony offender of special concern" under section 948.06(8)(b)-(c), Florida Statutes (2019), triggering additional mandatory procedures.[2]

The case was placed on the trial court's calendar for "report re: plea" on April 9, 2021. At that time, the State and Gutierrez's defense counsel announced they had reached a negotiated plea for the alleged violations of probation: Gutierrez would admit to all five allegations in the amended probation violation affidavit; the court would modify Gutierrez's probation by adding six months' community control with a GPS monitor, followed by an

---

[2] For example, pursuant to section 948.06(8)(d)-(e), the following mandatory requirements apply to violent felony offenders of special concern:

- If the alleged violation of probation is for something other than a failure to pay costs, fines, or restitution, a violent felony offender of special concern "shall remain in custody pending the resolution of the probation violation. . . ."
- **The court shall not dismiss the affidavit of probation violation against a violent felony offender of special concern "without holding a recorded violation-of-probation hearing at which both the state and the offender are represented**." (Emphasis added.)
- If after conducting such hearing the trial court determines a violent felony offender of special concern has committed a violation of probation other than a failure to pay costs, fines, or restitution, the court "shall make written findings as to whether or not the violent felony offender of special concern poses a danger to the community."
- "If the court has found that a violent felony offender of special concern poses a danger to the community, the court shall revoke probation and shall sentence the offender up to the statutory maximum, or longer if permitted by law."

additional two years of probation. All other existing conditions of probation would remain in place.

After the negotiated plea was announced, the defendant was sworn, and the trial court engaged him in a plea colloquy. Before completing the plea colloquy with Gutierrez, however, the trial court called the attorneys sidebar. There is no transcript of the discussion that took place at the sidebar conference with the court, but the break in the recorded proceedings lasted eleven minutes.

When the court and the parties went back on the record, the case was passed, and the remainder of the calendar was concluded. Upon returning to this case, the trial court posed several questions to the probation officer about Gutierrez's alleged violations. That was followed by some discussion between the court and counsel for the State and defense regarding the nature of Gutierrez's alleged violations, his current employment, and the proposed extension of supervision with electronic monitoring.

Thereafter, and without taking any testimony or conducting a probation violation hearing, the trial court announced:

> Upon review of the affidavit and counsels' arguments, as well as [the probation officer's] information provided, this Court does find that the violations are not material. The violations are technical in nature. This Court does also make a finding that Mr. Gutierrez, based on the facts that have been presented, is not a danger to the public.

4

The trial court concluded by finding that Gutierrez did not violate his probation, and sua sponte dismissed the amended affidavit of violation of probation. The State objected, because the trial court made findings (including a finding that Gutierrez was not a danger to the community) and dismissed the affidavit of violation of probation without conducting a probation violation hearing or evidentiary hearing of any kind.

We reverse the trial court's sua sponte order dismissing the amended affidavit of violation of probation, as well as the trial court's sua sponte order finding the defendant was not a danger to the community. Because Gutierrez qualified as a violent felony offender of special concern—and in the absence of an agreement by the parties, a waiver by the State, or a legally sufficient motion—the trial court did not have the authority to sua sponte dismiss the affidavit of violation of probation without first conducting a probation violation hearing. See § 948.06(8)(d) (providing that if the probationer qualifies as a violent felony offender of special concern, the trial court "shall not dismiss the probation or community control violation warrant pending against an offender enumerated in this paragraph without holding a recorded violation-of-probation hearing at which both the state and the offender are represented.")

5

In State v. Rincon, 273 So. 3d 1101, 1102-03 (Fla. 3d DCA 2019), on virtually identical facts, this court reversed the trial court's sua sponte order which, without first conducting a probation violation hearing, dismissed a probation violation affidavit filed against a defendant who was a violent felony offender of special concern. Further, Rincon held, such a formal hearing is required for the trial court's subsequent determination and written findings (should the trial court find defendant in violation of his probation) as to whether a defendant poses a danger to the community, required under section 948.06(8)(e). Id.

Under these circumstances, we must return the parties to the position they occupied immediately before the trial court's error. See generally State v. Wilson, 658 So. 2d 521, 523 (Fla. 1995). That position would be the point at which the parties appeared before the trial court and announced they had reached a negotiated plea. On remand, should the State and defense stand by the previously negotiated plea,[3] they may present it once again to the trial

---

[3] Generally speaking, until a plea offer is formally accepted by the trial court, the State or defendant is free to withdraw the offer. See Fla. R. Crim. P. 3.172(g) (providing: "No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements, and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification."); Alcorn v. State, 121 So. 3d 419, 430 (Fla. 2013) (noting: "Florida Rule of Criminal Procedure 3.172(g) authorizes the prosecutor to withdraw a plea offer at any time before it is formally accepted by the trial judge.")

6

court for acceptance. Should the trial court decline to accept the negotiated plea (and should the parties be unable to negotiate a plea acceptable to the trial court), the defendant can either proceed to a probation violation hearing on the amended affidavit, or the defendant can plead "open" to the trial court and admit to the alleged violations, after which the trial court can fashion the appropriate sentence. Importantly, however, if the defendant admits to the allegations contained in the amended affidavit (which alleges more than a failure to pay costs, fines, or restitution), the trial court must, before revoking, modifying or continuing probation, first hold a hearing pursuant to section 948.06(8)(e), to determine and make written findings whether the defendant poses a danger to the community.

Reversed and remanded with directions.