# Third District Court of Appeal

## State of Florida

Opinion filed October 29, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1770
Lower Tribunal No. F12-16446
_____

**Darrell T. Gibson,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Daihana Chang, Assistant Attorney General, for appellee.

Before SCALES, C.J., and EMAS and MILLER, JJ.

PER CURIAM.

Daniel Gibson appeals both the revocation of his probation and the resulting sentences he received for the underlying crimes for which he was on probation: two counts of sexual battery with a firearm, attempted first-degree premeditated murder with a deadly weapon, and possession of a firearm by a convicted felon. Gibson asserts that the trial court erred by (i) failing to enter a written probation revocation order, and (ii) sentencing Gibson – who qualifies as a violent felony offender of special concern – without conducting the dangerousness determination required by section 948.06(8) of the Florida Statutes (2023).

*Probation*

Regarding his probation, the State concedes that the trial court failed to enter a written order revoking his probation.[1] Gibson argues that the trial court violated his due process rights by not entering a written order specifying the evidence relied on by the trial court and the court's reasons

---

[1] The trial court did not simply fail to reduce its oral pronouncements at the probation violation hearing to writing. Rather, the trial court did not make *any* oral pronouncements at the probation violation hearing as to whether Gibson had violated the conditions of his probation. In a post-hearing, one-page written order directing further briefing on sentencing, the trial court stated, "There is substantial evidence of violation of probation. The question becomes: What now?" While this order arguably constitutes a written probation revocation order, this order does not state the reasons for revoking Gibson's probation and the evidence relied on by the trial court. Given the State's concession on this issue, we express no opinion as to whether this order constituted a probation revocation order.

for revoking his probation. Gibson requests that this Court direct the trial court to enter a written probation revocation order that makes the requisite findings so that he may appeal the merits of the order. We agree.

"The probationer is entitled . . . [to] a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation." McCloud v. State, 653 So. 2d 453, 455 (Fla. 3d DCA 1995) (quoting Black v. Romano, 471 U.S. 606, 612 (1985)). "When, as here, the trial court has failed to enter any written order of revocation, this Court has, on plenary appeal, consistently granted relief in the form of a remand with directions for the trial court to enter a written order of revocation." Ward v. State, 306 So. 3d 1004, 1005 n.1 (Fla. 3d DCA 2020). We, therefore, remand to allow the trial court to memorialize, in an appealable written order, the evidence and basis for its probation violation finding. Upon entry of a probation revocation order, Gibson – if he so chooses – may appeal the order in a new appeal. See Johnson v. State, 388 So. 3d 255, 256 (Fla. 3d DCA 2024).

*Sentencing*

With respect to sentencing, the State also concedes that, because (i) Gibson qualifies as a violent felony offender of special concern, and (ii) the trial court seemingly found that Gibson had violated a non-monetary condition of his probation, section 948.06(8) required the trial court to

3

consider, and make written findings as to whether Gibson poses a danger to the community (i.e., a dangerousness determination).[2]

---

[2] The statute provides, in relevant part:

(8)(a) In addition to complying with the provisions of subsections (1)-(7), this subsection provides further requirements regarding a probationer or offender in community control who is a violent felony offender of special concern. . . .

. . . .

(d) . . . The court shall not dismiss the probation or community control violation warrant pending against an offender enumerated in this paragraph without holding a recorded violation-of-probation hearing at which both the state and the offender are represented.

(e) If the court, after conducting the hearing required by paragraph (d), determines that a violent felony offender of special concern has committed a violation of probation or community control other than a failure to pay costs, fines, or restitution, the court *shall*:

1. *Make written findings as to whether or not the violent felony offender of special concern poses a danger to the community.* In determining the danger to the community posed by the offender's release, the court shall base its findings on one or more of the following:

a. The nature and circumstances of the violation and any new offenses charged.

b. The offender's present conduct, including criminal convictions.

c. The offender's amenability to nonincarcerative sanctions based on his or her history and conduct during the probation

The State argues, though, that the trial court's failure to make the required dangerousness determination was harmless here because the sentencing hearing reflects that – with or without a finding that Gibson posed a danger to the community – the trial court would have revoked Gibson's probation and imposed the same sentences. We disagree. This Court has held that the trial court's compliance with section 948.06(8) is mandatory, and the court's failure to comply with this statute requires reversal and

---

or community control supervision from which the violation hearing arises and any other previous supervisions, including disciplinary records of previous incarcerations.

d. The weight of the evidence against the offender.

e. Any other facts the court considers relevant.

2. Decide whether to revoke the probation or community control.

a. If the court has found that a violent felony offender of special concern poses a danger to the community, the court shall revoke probation and shall sentence the offender up to the statutory maximum, or longer if permitted by law.

b. If the court has found that a violent felony offender of special concern does not pose a danger to the community, the court may revoke, modify, or continue the probation or community control or may place the probationer into community control as provided in this section.

§ 948.06(8), Fla. Stat. (2023) (emphasis added).

remand for a new sentencing hearing. See McCray v. State, 283 So. 3d 406, 409 (Fla. 3d DCA 2019) (reversing sentence where the trial court, at sentencing, failed to make the dangerous determination required by section 948.06(8), and remanding for a new sentencing hearing with directions that the trial court make the required written findings when imposing the defendant's sentence); State v. Rincon, 273 So. 3d 1101, 1102-03 (Fla. 3d DCA 2019) (reversing the trial court's dismissal of an affidavit of violation of probation and contemporaneous termination of the defendant's probation where the trial court failed to comply with the procedural imperatives of section 948.06(8)); accord Walker v. State, 354 So. 3d 626, 630-31 (Fla. 2d DCA 2023) (vacating a sentencing order and remanding for another sentencing hearing in conformity to section 948.06(8), where the trial court failed to make the requisite dangerousness determination); Barber v. State, 207 So. 3d 379, 384-85 (Fla. 5th DCA 2016) (recognizing that "there are no provisions in [section 948.06(8)(e)] that make an exception for cases where the prison sentence is appropriate regardless of whether the defendant is or is not a danger," reversing a sentencing order and remanding for a new sentencing hearing with directions that the trial court make the required written findings). Consistent with our precedent, we reverse the instant sentencing order and remand for the trial court to conduct another

6

sentencing hearing with directions that the trial court shall make the dangerousness determination required by section 948.06(8), and include in its sentencing order the written findings required by section 948.06(8)(e).

Reversed and remanded with instructions.